SEITZ, Respondent, vs. OTT, Appellant.

*March 10—April 5, 1921.*

*Highways: Pedestrian walking in road: Duty to look behind: New trial because of misleading instructions: Discretion of court.*

1. In an action for personal injuries by a pedestrian struck by a team overtaking her on the road, wherein it appeared that after she became aware of its approach at a distance of 600 feet she thought she could hear it in time to step aside, but looked back twice before she was struck, as she contended, without hearing it, the court properly ruled that the law did not require her to keep a further lookout under the circumstances.

2. An order granting a new trial because an instruction, although technically correct, was so stated that it might have misled the jury, is not based on a misapprehension of the law, and the order is controlled by the rule which ordinarily obtains when a new trial is granted in the discretion of the court.

Seitz v. Ott, 174 Wis. 60.

APPEAL from an order of the circuit court for Marathon county: A. H. REID, Circuit Judge. *Affirmed.*

Personal injury. The action was for damages alleged to have been caused by the defendant negligently driving his horses and sleigh against and over plaintiff, a school teacher, who was proceeding along a country highway in the winter time, traveling in the same direction as the plaintiff. The answer denied the negligence of the defendant and alleged that the plaintiff was negligent. The jury, by special verdict, found that the defendant was guilty of negligence proximately causing the injury and that the plaintiff was also guilty of negligence which contributed proximately to her injury, and fixed the damages at $1,650. After verdict there was a motion by the defendant for a judgment in his favor and by the plaintiff for a new trial. The court ordered a new trial upon payment of costs of the former trial, upon the ground that the finding of the jury that the plaintiff was negligent was against the weight of the evidence and "that the court probably misled the jury by the nature of the instruction to the jury on the same question." From the order granting the new trial the defendant appeals.

The cause was submitted for the appellant on the brief of *Regner & Ringle,* attorneys, and *Bird, Okoneski & Puchner,* of counsel, all of Wausau, and for the respondent on that of *Brayton E. Smith,* attorney, and *Brown, Pradt & Genrich,* of counsel, all of Wausau.

ROSENBERRY, J. The plaintiff, a teacher in a country school, was walking home on the right side of the traveled track of a country road in the winter time, going south, there being quite a little snow on the ground. The defendant approached the plaintiff from behind with a team and a sleigh on his way home. The plaintiff saw the team approaching when it was a considerable distance from her, so far that she did not care to step out of the road at a cross-road and wait for it to pass. When the plaintiff reached the cross-road the defendant was about 600 feet

behind her.   The plaintiff thought that she could hear the defendant when he approached her in time so that she might step aside and permit the defendant to pass.   The plaintiff looked back twice to see whether the team was coming near to her.

It was agreed upon the trial and the jury was instructed that as a matter of common knowledge it was the custom in that part of the country, Marathon county, for a foot traveler to get out of the wagon ruts or sleigh ruts when a team approaches.   The plaintiff failed to hear the team and remained on the track and was run into, knocked down, and injured.   Upon the trial the court instructed the jury as follows:

"It was the plaintiff's duty, in proceeding on foot along the traveled track, to keep a reasonable lookout for the approach of vehicles to the same extent and in the same way as such travelers ordinarily do under like circumstances and to discover any vehicle approaching which she could reasonably discover by using such care.   And it was her duty to step out of the way of any team and sleigh which she knew, or ought to have known, was approaching in the traveled track in such a way as to threaten collision with her.   But if there was no warning of the approach of defendant's team and sleigh, and if the plaintiff used reasonable care and caution in respect to keeping herself informed of any such approach, then it cannot be said that she failed to use ordinary care for her own safety.   In general, it was her duty to keep such lookout and use such care for her own safety as the ordinarily careful foot traveler usually used under circumstances the same as or like unto those in which she was proceeding along the highway."

Upon the motion to set aside the verdict and for a new trial the court said:

"The court probably misled the jury by the instructions respecting the duty of the plaintiff to keep a reasonable lookout for the approach of vehicles.   True, it was not stated to the jury that the pedestrian was under obligation to keep a reasonable lookout for the approach of vehicles from the rear, and the statement of the duty to keep a lookout is

qualified by the phrase 'in the same way as such travelers ordinarily do under like circumstances.' Nevertheless, the attention of the jury was directed toward a supposed duty existing in the case to keep a lookout. If she had no duty to keep a lookout to the rear, then the instruction was not applicable to the case and in all probability misled the jury. And it seems unreasonable to say that under the circumstances here present the plaintiff was under obligation to keep further lookout for the approach of a team and sleigh from the rear."

It is the contention of the appellant that the trial court erred in granting a new trial because the order was based upon a misapprehension of the law and therefore not controlled by the rule which ordinarily obtains in cases where the order is made in the discretion of the trial court. *Schillinger v. Verona,* 85 Wis. 589, 55 N. W. 1040; *McCann v. Ullman,* 109 Wis. 574, 85 N. W. 493.

We are of the opinion that the order granting a new trial was not based upon a misapprehension of the law and that the trial court was correct in his conclusion that, although the instruction may have been technically accurate, it was so stated that it might have misled the jury. It was because the court correctly apprehended the law that he thought the phrasing of the instruction was misleading.

*By the Court.*—Order affirmed.