DARUS, by guardian *ad litem,* Respondent, vs. WEST and another, Appellants.

*December 5, 1922—January 9, 1923.*

*Automobiles: Negligence: Pedestrian walking on country high-*
*way: Contributory negligence.*

1. Though pedestrians on country highways must exercise or-
   dinary care for their own safety, there is no rule of law
   requiring them to look back at any stated intervals of either
   time or space for approaching vehicles.
2. The testimony of a pedestrian who was struck, while walking
   on a country highway, by an automobile approaching from
   her rear, that she looked back from time to time but did not
   see or hear the car, warranted a finding that she exercised
   the required care.

APPEAL from a judgment of the circuit court for Mil-
waukee county: BYRON B. PARK, Judge. *Affirmed.*

This is an action for damages for personal injuries caused
by plaintiff, a pedestrian, being run into by defendants'
automobile on a country highway. Plaintiff, her sister, and
a young man were walking along a paved highway on, and
part of the time just to the right of, the paved portion,
which was about twenty feet wide. The defendants were
driving in the same direction as plaintiff walked, and in
passing her the right fender or some portion of the right
side of the car struck her and occasioned the injuries com-
plained of. The accident occurred at about 10 o'clock in
the evening of June 27, 1920, on a moonlight night, and it
was claimed by plaintiff that defendants did not have their
lights lit.

The jury found (1) there was a want of ordinary care
on the part of *Lois West,* the driver, in operating the au-
tomobile at the time and place of the accident, in that
(a) the lights were insufficient, and (b) she failed to keep a
proper lookout; (2) each of such negligent acts was a proxi-
mate cause of the collision; (3) plaintiff was free from con-

tributory negligence; and (4) damages in the sum of $4,000. There was also a finding that the doctor who treated plaintiff for her injuries used the required skill and care in his treatment.

From a judgment entered in favor of plaintiff the defendants appealed.

*J. Elmer Lehr* of Milwaukee, for the appellants.

For the respondent there was a brief signed by *W. B. Rubin* of Milwaukee, of counsel, and oral argument by *Mr. Rubin.*

VINJE, C. J. The questions of defendants' negligence and plaintiff's contributory negligence were sharply contested on the trial. The jury's findings in favor of the plaintiff are sustained by the evidence and no addition to negligence law would be made by discussing it. Only one claim merits consideration and that is that plaintiff failed to look back often enough as she was walking along, and that if she was on the right side of the concrete just before the collision she failed to look back as she stepped back upon it. The evidence tends to show that she was on the concrete and within about a foot of the right-hand side of it at the time she was struck. The argument of defendants' counsel is that pedestrians on a country highway must look to the rear at stated intervals of time or space to see if vehicles are coming and to keep out of their way. We are aware of no such rule of law. They must exercise ordinary care for their safety, but such care cannot for all cases be expressed as a matter of law, in either intervals of time or space. Plaintiff testified that she looked back from time to time but did not see or hear defendants' car. Under the rule stated in *Seitz v. Ott,* 174 Wis. 60, 182 N. W. 333, the jury could find that she had exercised the required care.

The finding of the jury as to lights is ambiguous, but the evidence and instructions of the court make it clear that the question was whether or not defendants' lights were

burning at all, and the jury found that they were not. The evidence upon the subject is in conflict and would sustain a finding either way.

*By the Court.*—Judgment affirmed.