CORWIN, Appellant, vs. SALTER and another, Respondents.

*November 8—December 6, 1927.*

*Automobiles: Guest struck by unexpected movement of car after alighting: Contributory negligence: Liability insurance: Failure to give notice of accident.*

1. Where the facts are practically undisputed and the only proper legal inference to be drawn therefrom is contrary to the jury's finding, such finding must be set aside. p. 336.
2. Evidence that plaintiff left defendant's automobile, in which she was riding, to go back and pick some flowers with defendant's wife, who had previously left the car, and while she was walking along the highway a little to the left of the center, defendant without warning backed his car into her, is *held* to show that plaintiff was not contributorily negligent. p. 336.
3. A provision in an automobile liability policy requiring notice of an accident to be given to the insurer within five days, being contrary to sec. 204.29, Stats., providing a limitation of not less than twenty days, is void. pp. 336, 337.
4. A finding of the jury that the insurer was not prejudiced by the delay of the assured in giving notice of the accident is *held* to be sustained by the evidence. p. 337.

APPEAL from a judgment of the circuit court for Waupaca county: BYRON B. PARK, Circuit Judge. *Reversed.*

Action to recover damages by plaintiff sustained by being struck by defendant's automobile which was backing up on a public highway. On October 9, 1926, defendant and plaintiff, together with defendant's wife and little daughter, were driving in a Tudor Ford sedan. The defendant drove the car. Mrs. Salter sat next to her husband, and her daughter and the plaintiff were in the rear seat. Mrs. Salter discovered some bittersweet by the roadside and requested her husband to stop, which he did at a point some one hundred and fifty feet to two hundred feet beyond the location of the bittersweet. Mrs. Salter got out of the car and proceeded to walk back to get the bittersweet. She had proceeded only a short way when plaintiff indicated a desire to follow, whereupon *Mr. Salter* assisted her out of the car by

lowering the front seat. Plaintiff passed by the left rear end of the car and proceeded to follow Mrs. Salter. Before doing so, however, she looked in both directions for approaching traffic. None was in sight. She then turned and walked east in the direction of Mrs. Salter near the center of the highway and almost in a line even with the left wheel of defendant's car. When she had proceeded about fifteen feet she was prompted to turn around and look at the defendant's daughter, who was looking out of the rear window of the car, which was standing in the identical spot where plaintiff had left it. She then again turned and proceeded, walking in the direction of Mrs. Salter. She walked about another fifteen feet when she was struck by defendant's car backing into her, the left rear fender striking her on the hip, throwing her to the ground. When plaintiff got out of the car the motor was still running and the defendant said nothing about backing the car. The defendant did not sound his horn before backing or during the time he was backing. His car was a new automobile two and one-half months old and the brakes and gears made no noise because defendant was backing slowly. He paid no particular attention to plaintiff after she left the automobile. Said he supposed she went down the road to meet Mrs. Salter. He looked back for Mrs. Salter, but did not see plaintiff, as she was not in the line of his vision. He could not see if there was anything at or near the left rear side of his car by looking out of the right rear window, and he had backed his car a distance of twenty-five or thirty feet when he struck the plaintiff.

The jury by special verdict found (1) that there was a want of ordinary care on the part of the defendant (a) by failing to keep a proper lookout, (b) by failing to give warning of the purpose to back his car up, and (2) that such want of ordinary care was the proximate cause of the collision; (3) that plaintiff was guilty of a want of ordinary care which was a proximate cause of the collision; (4) damages in the sum of $500; and (5) that the defendant insurance

company was not prevented from making any defense or preserving any right by failure of the insured to give notice prior to December 10, 1926. The court refused to change the finding of the jury as to plaintiff's contributory negligence and granted defendants' motion dismissing the complaint upon the merits; from which judgment the plaintiff appealed.

For the appellant there were briefs by *Mayer & Shutkin,* attorneys, and *Walter F. Mayer,* of counsel, all of Milwaukee, and oral argument by *Mr. Mayer.*

For the respondents the cause was submitted on the brief of *Hoyt, Bender, McIntyre & Hoyt,* attorneys, and *E. L. McIntyre,* of counsel, all of Milwaukee.

VINJE, C. J. In refusing to set aside the verdict finding plaintiff guilty of contributory negligence the trial court said:

"The plaintiff's attorneys' argument upon the question of her contributory negligence is quite persuasive and convinces me that if I were a juror I would vote in her favor upon that question. And this is principally upon the proposition that she had no reason to apprehend that the driver of the car would back his car back towards the direction of his wife. The jury after hearing the evidence and arguments of counsel found her guilty of negligence, but I do not believe that I would be justified in setting aside the jury's finding."

It appears that plaintiff turned to go back on the left side of the road, which gave her an opportunity to meet travel coming in her direction. It seems she walked a little to the left of the center of the highway. It also appears that she looked back once when she was some fifteen to twenty feet from the car and saw it standing still. It further appears that she had walked only ten or fifteen feet more when she was struck by the car from behind. She says she was paying no particular attention to the car and that she did not hear it or see it until it struck her. She was traveling along the road in the place in which it was safest for her to travel,

and it is not inconceivable that even though she paid atten-
tion to where she was walking and to her surrounding situa-
tion that she might not hear the car coming backwards at a
slow rate of speed over a graveled road.   Her senses of
hearing and seeing were normal, yet we cannot say she may
not have heard the car before it struck her.   It is inconceiv-
able that she would not have looked around to see what was
coming had she heard a noise from behind.   The argument
that she would have escaped injury had she been some dis-
tance to the left of where she was walking amounts to noth-
ing.   It simply says that if you were not at the place of
accident you would not have been hurt.   The question is, Did
she have a right to be where she was, and if so was she
guilty of any negligence in protecting herself where she had
a right to be?   We are unable to discover anything which
she did that amounted to contributory negligence.   She had
no reason to anticipate that the defendant would back up
without giving her timely notice thereof, because he knew she
was proceeding back to Mrs. Salter and would be in the high-
way where he was backing up.   The law on this subject is
clearly stated in *Seitz v. Ott,* 174 Wis. 60, 182 N. W. 333.

We fully realize the conclusive effect of finding of facts
by the jury, but where the facts are practically undisputed
and the only proper legal inference to be drawn therefrom
is contrary to the jury's finding they must be set aside.   We
therefore reach the conclusion that the trial court erred in
not setting aside the verdict finding plaintiff guilty of con-
tributory negligence.

It is claimed in behalf of the respondents that in any event
the judgment against the insurance company must be set
aside because it appears without dispute that no notice was
given in accordance with the terms of the policy, which re-
quired such notice to be given within five days.   Sec. 85.25,
Stats., makes the defendant company liable to the plaintiff.
Sec. 204.29 provides that policies of insurance must contain
provisions with reference to notice to the insurer and that

no notice shall be limited to less than twenty days.   In the present instance the notice provided for in the policy, being limited to five days, is contrary to the provisions of the statute and therefore inoperative and of no effect.   The jury found that the defendant company was not prejudiced by reason of the delay.   The officers so testified also.   We see nothing in the case which contradicts this finding of the jury. It is true that the judge said in passing upon it that he would not set it aside, but that it was apparent, as a matter of law, that there was prejudice to the company.   We fail to share this view of the situation.   Every person who was present, being only three members of the defendant's family and the plaintiff, were available as witnesses upon the trial, and it seems to us that there was nothing which the defendant could have gained by an earlier inquiry into the matter.   All the information lay in the breasts of the defendant, his wife, the little girl, and the plaintiff.

*By the Court.*—Judgment reversed, and cause remanded with directions to enter judgment against both defendants according to the verdict.