WITT, Respondent, vs. EMPLOYERS LIABILITY ASSURANCE CORPORATION, imp., Appellant.

*April 1—April 30, 1929.*

For the appellant the cause was submitted on the brief of *Keller, Keller & O'Leary* of Appleton.

For the respondent Witt there was a brief by *Benton,*

*Bosser & Tuttrup* of Appleton, and oral argument by *Roger R. Tuttrup.*

STEVENS, J.   The only question presented by this appeal is whether the insurance corporation is liable to pay the judgment in this case.   The defendants Wonser did not appeal and therefore do not question their liability.   The issue presented is whether the defendants Wonser were insured by the defendant corporation at the time that the accident happened, and that in turn depends upon the question whether Mr. Kamps was the agent of the defendant corporation at the time that the policy here in question was written and the premium collected.

1. Sec. 209.05, Stats., provides that "Every person . . . who solicits insurance on behalf of any insurance corporation or person desiring insurance of any kind, or transmits an application for a policy of insurance, other than for himself, to or from any such corporation, . . . or collects any premium for insurance, or in any manner aids or assists in doing either, or in transacting any business of like nature for any insurance corporation, . . . shall be held to be an agent of such corporation to all intents and purposes, unless it can be shown that he receives no compensation for such services."

There is no proof of an express agreement to pay Mr. Kamps compensation for his services, but the proof is undisputed that a commission had always been paid to him for soliciting insurance for other agents.   The proof also establishes that when, four or five years before this time, he did solicit insurance for the agents who wrote this policy, they paid a commission to Mr. Kamps for the business which he procured for them.   So that he would not only be entitled to commission under this uniform custom of insurance agents, but he actually had in his pocket the premium from which such commission would be paid.

But it may be said that it is unreasonable to make the de-

fendant corporation responsible for the acts of Mr. Kamps, to whom it has never given any authority to act for it in any way. "The answer to this objection is, the legislature has assumed the right to regulate the business of insurance, and prescribe the manner in which it shall be conducted in this state. It has declared that whoever solicits insurance on behalf of an insurance company, or makes any contract of insurance, or in any manner aids or assists in making such contract, or transacts any business for the company, shall be held an agent of such company to all intents and purposes. The obvious intention of the legislature is to make an insurance company responsible for the acts of the person who assumes really to represent and act for it in these particulars, and to change the rule of law that the insured must at his peril know whether the person with whom he is dealing has the power he assumes to exercise, or is acting within the scope of his authority. If there could be a doubt as to the real object of the section, it would be removed by a reference to its history and origin. . . . The law of 1871, which contains the clause more directly applicable to the question under consideration, is entitled 'An act to protect the public against unauthorized insurance agents.' The title of the act indicates the purpose to be in strict accord with the interpretation we have placed upon it. Indeed, we do not see how the provision can fairly receive any other construction. It seems to be designed in the clearest manner to make the company responsible to the public for the acts of one whom it permits to solicit insurance on its behalf, or who receives applications for insurance, makes, or aids in making, contracts of insurance, or transacts the business, whether such person has in fact authority to act for it or not. The law imposes upon the company the duty of seeing to it that none but its regular authorized agents shall do its business or deal with the public. It is certainly not difficult for an insurance company to say to its local agents that they alone must transact its business; that they must in all cases deal

directly with the insured in making insurance contracts, and not allow the interference of any stranger in its business, for whose acts it does not wish to be held responsible. That this is the plain object and intent of the statute we have no doubt. And, where the insurance company issues a policy in a case where a person has assumed the right to act for and represent it in making the contract, it must abide by the consequences and meet the liability which the statute imposes upon it." *Schomer v. Hekla Fire Ins. Co.* 50 Wis. 575, 583–4, 7 N. W. 544.

2. Nor is the liability of the defendant corporation for the acts of Mr. Kamps imposed upon it by sec. 209.05 of the Statutes limited in any way by sec. 209.04, which requires that all insurance agents shall procure a certificate of authority from the company which they represent and imposes a penalty by way of a fine upon those who do not secure such certificates.

The statutes which, after repeated amendments, became secs. 209.04 and 209.05 of the Statutes, were first enacted by the legislature of 1870. They both appear in a form which is somewhat similar to the present statutes as a part of the same legislative act in ch. 13, Laws of 1871, and ch. 240, Laws of 1880.

Neither in these original statutes nor in any subsequent amendment thereof down to and including the present statutes is there any indication of a legislative intent that the insurance carrier shall be relieved of liability for the acts of those who are made its agents by the provisions of sec. 209.05, because of the fact that such agents have not procured a certificate of authority as required by sec. 209.04. To hold that such was the effect of sec. 209.04 would render sec. 209.05 nugatory and of no effect whatever, because this later section could never be given effect if no one could be held to be the agent of the insurance carrier under sec. 209.05 unless he had in fact secured a certificate of authority from the insurance corporation under sec. 209.04.

The purpose of the legislature in enacting sec. 209.04 was to punish the agent who acted without authority, not to penalize the insured who in good faith relied on the apparent authority of the one who solicited the insurance, delivered the policy, and collected the premium therefor. This intent is made manifest by sec. 201.44, which prohibits the issuance or delivery of a policy of insurance by any one except a resident agent who holds the certificate of authority required by sec. 209.04. This section provides for the punishment of the agent who disobeys the statute. It also provides that "this section shall not prevent any insurance placed in violation thereof taking effect." Sub. (4), sec. 201.44. The intent to protect the interests of the policy-holder is made still more manifest by the provision that any person who does not possess the required certificate of authority shall be personally liable upon the policy "to the same extent as the company issuing the same." Sub. (5), sec. 201.44.

3. Even if Mr. Kamps could be considered the agent of the insured for the purpose of procuring the policy, as appellant contends, that would not relieve the defendant corporation of liability because sec. 209.05 makes the solicitor the agent of the company regardless of whether he solicits insurance "on behalf of any insurance corporation or person desiring insurance." Under this statute "a person who delivers the policy and receives the premium, though acting as a broker, is also agent for the company." *Welch v. Fire Asso.* 120 Wis. 456, 461, 98 N. W. 227. "An insurance agent may be the agent of the assured in procuring insurance if his duties as such agent do not conflict with his duties as agent of the insurance company, under sec. 1977, Stats. 1898 [now sec. 209.05] ; but when a conflict of duties arises, his authority to act for the assured must yield to that imposed by this statute." *Wis. Cent. R. Co. v. Phœnix Ins. Co.* 123 Wis. 313, 316, 101 N. W. 703.

4. If Mr. Kamps took the policy without authority from the local agent who wrote it, the defendant corporation,

whose agent he was, is responsible for his unauthorized act,—not the insured who dealt with him in good faith relying upon his apparent authority to act for the defendant corporation.

5. The attempted cancellation of the policy was not effective, because there was no tender or return of the unearned premium which the insured had paid to Mr. Kamps while he was acting as agent for the defendant corporation.

6. There is nothing in the conduct of the insured after the agents refused to return the policy to him that prevents him from enforcing liability on the policy. When he found that Mr. Kamps would neither pay the premium to the agents who wrote the policy nor procure the return of the policy, he attempted to collect the premium from Mr. Kamps through his attorneys and by consultation with the district attorney. . Apparently his purpose was to procure the money in order that he might pay the premium to the agents who wrote the policy, for he secured no other protection than that given by this policy. Nothing that he did in this matter worked any prejudice to the rights of the defendant corporation.

7. The policy required that the insured give immediate written notice to the defendant corporation or its authorized agents of the occurrence of any accident covered by the policy. At the time of the accident the policy was not in the possession of the insured. It had been retained by the agents who wrote it after they procured it by representing that they desired to make a correction therein. The attorneys for the insured notified these agents verbally of the happening of the accident shortly after its occurrence. They tried to secure from these agents the name of the defendant corporation in order that written notice might be given as the policy required, but the agents. refused to disclose the name of the defendant corporation until they were directed to do so by the commissioner of insurance. When an insured is prevented from giving the notice required by the

policy by the wrongful acts of the insurer or its agents, the insurance carrier cannot defeat recovery on the ground that the required notice was not given. In this case notice was given as soon as the plaintiff was able to procure the name of the defendant corporation. This notice was given on the twentieth day after the accident occurred and there is no proof that the rights of the defendant corporation were prejudiced in any way by this delay.

Moreover, the requirement for the giving of immediate notice "is contrary to the provisions of the statute [sec. 204.29] and therefore inoperative and of no effect." *Corwin v. Salter,* 194 Wis. 333, 337, 216 N. W. 653.

The case presented is one where the insured in good faith did all that he could do to secure protection. It is one where there could be no question about the liability of the defendant corporation were it not for the unwarranted refusal to pay over the premium on the part of one who is made the agent of the defendant corporation by force of a statute passed to meet just such situations as that here presented. The case comes clearly within the provisions of that statute.

*By the Court.*—Judgment affirmed.