McKinnon, Appellant, vs. Massachusetts Bonding & Insurance Company, Respondent.

*September 11—December 5, 1933.*

*W. H. Frawley* of Eau Claire, for the appellant.

For the respondent there was a brief by *Fish, Marshutz & Hoffman,* attorneys, and *I. A. Fish* and *G. R. Hoffman* of counsel, all of Milwaukee, and oral argument by *Mr. Fish* and *Mr. Hoffman.*

The following opinion was filed October 10, 1933:

OWEN, J. The policy upon which this action is brought indemnified the plaintiff from direct loss by burglary, theft, or larceny of any jewels feloniously abstracted from her dwelling. The policy provided that "statements herein contained are made the basis of this insurance, and the assured by the acceptance of this policy hereby warrants them to be true. . . . 8. The assured has not sustained any loss or damage, nor received indemnity for any loss or damage by burglary, theft or robbery at the premises covered hereby or elsewhere within the last five years." This warranty, if made, was false. The plaintiff claims she made no such representation or warranty, and asked to have the warranty in this respect reformed to read as follows: "The assured has not sustained any loss or damage nor received indemnity for any loss or damage by burglary, theft or robbery of diamonds at the premises covered hereby or elsewhere within the last five years."

The court found that the warranty as contained in the policy was made, and denied reformation. The jury found

that the plaintiff had sustained a loss by theft and felonious abstraction from her residence of diamonds owned by her, and the amount thereof; that the warranty above mentioned was not made with actual intent to deceive, but that the matter misrepresented did increase the risk.

This appeal presents the question whether reformation, as sought by the plaintiff, was properly denied, and whether the warranty, if made, increased the risk. We may say in passing that the reformation prayed for by the plaintiff was denied in the face of the uncontradicted evidence to the effect that the warranty actually made was that alleged by the plaintiff in her complaint. However, we shall not review the evidence upon this issue, as we prefer to rest our decision upon the ground, also urged by appellant, that though the warranty contained in the policy was actually made by the plaintiff, it did not increase the risk.

The facts are, that within five years prior to the issuance of this policy the plaintiff's residence was burglarized and her furs stolen. Her loss was covered by a burglary insurance policy issued by this defendant. A controversy arose between plaintiff and the defendant as to whether her house had been burglarized and her furs stolen. However, after negotiations her claim against the company was compromised and paid. In this situation the company should not now be heard to say that it was misled by the representation or warranty made by the plaintiff even though she in fact made it. The company had the same knowledge that the plaintiff had with reference to that transaction. Even though, as a practical proposition, the general agent who issued the policy did not know of the prior loss, nevertheless, in law, the company had just as complete knowledge of it as did the plaintiff. In law, the company can no more deny its knowledge of the previous transaction than a party to a marriage contract can deny knowledge thereof. Furthermore, Joas, the agent who took plaintiff's application, deliv-

ered to her the policy and collected the premium therefor, testified that he knew at the time the application was taken that it was claimed that her home had been burglarized some years before and some furs had been stolen, although he could not say exactly when that was. He further testified that at the time the application for the present insurance was made, he asked plaintiff if she wanted her furs insured, and she said, "No, they had been stolen." It thus appears that the agent had knowledge of the previous burglary, and if the question of the exact time of the burglary was material he was put upon inquiry, and should have advised himself as to whether it occurred within the five-year period. It is settled law that the knowledge of the agent is the knowledge of the company. Sec. 209.08, Stats.; *Speiser v. Phœnix Mut. L. Ins. Co.* 119 Wis. 530, 97 N. W. 207. The company was charged with the same knowledge that the agent had at the time he took the application for insurance, and it is fatuity to say that with this knowledge one can be misled by the representation or warranty recited in the policy.

Respondent contends, however, that Joas was not the agent of the company. It is true that, although he maintained an insurance agency in Chippewa Falls, he was not the authorized agent of the defendant. Because he was an insurance agent, and because the plaintiff patronized him in other insurance matters, she went to him and applied for burglary insurance. He told her that although he did not represent a company that wrote burglary insurance, he could secure it for her; had her fill out the application, forwarded it to McIntosh & McIntosh, insurance agents at Superior, who sent it to Walter Schroeder, general agent of the company at Milwaukee, who made out the policy, returned it to McIntosh & McIntosh, who forwarded it to Joas, the agent at Chippewa Falls, who delivered it to the plaintiff and collected the premium therefor. It has been held over and

over again that under the provisions of sec. 209.05, Stats., which provides that every person who transmits an application for a policy of insurance, or collects any premium for insurance, or in any manner aids or assists in doing either, or in prosecuting any business of like nature for any insurance corporation, shall be held to be an agent of such corporation to all intents and purposes unless it can be shown that he receives no compensation for such services as an agent of the company. *Schomer v. Hekla Fire Ins. Co.* 50 Wis. 575, 7 N. W. 544; *John R. Davis Lumber Co. v. Hartford Fire Ins. Co.* 95 Wis. 226, 70 N. W. 84; *Speiser v. Phœnix Mut. L. Ins. Co.* 119 Wis. 530, 97 N. W. 207; *Welch v. Fire Asso. of Philadelphia,* 120 Wis. 456, 98 N. W. 227; *Witt v. Employers Liability Assur. Corp.* 198 Wis. 561, 225 N. W. 174.

From a colloquy that occurred between plaintiff's attorney and the court upon the trial, we derive the impression that the trial court considered that our decision in *Sachs v. North American L. Ins. Co.* 201 Wis. 537, 230 N. W. 612, held that sec. 209.05 did not mean what it said, and that the previous cases were overruled. The *Sachs Case* did not deal with sec. 209.05 at all. It merely dealt with the power of a duly constituted agent of the company to modify the terms of a policy which provided that its written terms could not be modified except by the conjunctive act of two principal officers of the company. It is quite one thing to say that a person is the agent of an insurance company and quite another thing to define the scope of his power as such agent. The *Sachs Case* merely dealt with the extent of the power of a duly constituted agent of the company. The cases above cited amply sustain the proposition that Joas was the agent of the company and the only person who represented the company in the conduct of the transaction with the plaintiff, and his knowledge was the knowledge of

the company. The record reveals no defense to this action. Plaintiff is entitled to judgment for damages for the amount fixed by the jury.

*By the Court.*—Judgment reversed, and cause remanded with instructions to render judgment in favor of the plaintiff and against defendant for the amount of damages found by the jury.

A motion for a rehearing was denied, with $25 costs, on December 5, 1933.