MEWHORTER, Administratrix, Plaintiff, vs. INTEGRITY MUTUAL CASUALTY COMPANY and another, Defendants. [Two appeals.]

*January 10—February 5, 1957.*

For the plaintiff there was a brief by *O'Melia & Kaye* of Rhinelander, and oral argument by *John F. O'Melia.*

For the defendants there were briefs by *Emmet J. McCarthy* of Marinette, and *Stanley S. Chmiel* of Appleton, and oral argument by *Mr. McCarthy.*

WINGERT, J. We have reluctantly concluded that the instruction to the jury relative to Mewhorter's duty to maintain a lookout to the rear was erroneous, as held by the trial

court in the January 6th decision, and that the error may well have been prejudicial to defendants. It follows that the court was right on January 6th in ordering a new trial, the subsequent order of January 19th offering options in lieu of a new trial was erroneous whether or not timely made, and the judgment for the plaintiff must be reversed.

There was no evidence that Mewhorter kept any lookout to the rear, and some evidence that he did not.

The material parts of the instruction were as follows:

"A pedestrian, who is a person on foot, while walking upon or occupying any highway ordinarily traveled by vehicles, is also required to maintain a sufficient lookout for the protection of his own safety. A person walking upon a highway is required under a statute to walk on the left side of the highway . . . [here the court quoted sec. 85.44 (6), Stats].

"The deceased, Ernest Mewhorter, was required under that statute, in walking upon the highway, to travel in the left lane or what has been described as the east lane of the highway. . . .

*"With reference to maintaining a lookout to the rear, Ernest Mewhorter had no problem with reference to lookout to the rear, and had no duty to perform in that regard, looking to the rear, if Ernest Mewhorter was walking upon the left or east lane of the highway.* He was required to walk upon the left or east lane of the highway so that his opportunity for maintaining a lookout as to approaching traffic would be greater and that he would thereby be able to avoid a collision with approaching traffic. If Ernest Mewhorter was occupying the west or right lane of the highway or was in the center of the highway, it was his duty to maintain a lookout to the front and to the rear and to maintain such a lookout as was reasonably necessary to enable him to yield the right of way to any vehicle upon the highway, which included the defendant, Neddo, whose proper lane of traffic was the west lane."

Thus, while the instruction first charged correctly that a pedestrian on the highway is required to maintain a sufficient lookout for his safety, it proceeded, by the italicized

sentence, to relieve Mewhorter of that duty if he was found to be on the east (his left) lane of the highway. The jury was categorically told that if he was in the east lane (as the jury found he was) he "had no problem with reference to lookout to the rear, and had no duty to perform in that regard."

In effect, the jury was instructed that as a matter of law Mewhorter could not be found negligent in failing to keep a lookout to the rear if he was in his left traffic lane. This was without qualification, whether he was at the left edge or close to the center. The jury may have understood from other parts of the quoted instruction that Mewhorter complied fully with his duty under sec. 85.44 (6), Stats., when he walked at any place to the left of the center line.

We do not hold that Mewhorter was negligent as a matter of law if he failed to keep a lookout to the rear. The infirmity in the instruction was that it might easily have been understood by the jury to forbid them to find him negligent for failing to do so in the particular circumstances of the case.

We think that on the evidence in this case, the jury might properly have held that Mewhorter failed to exercise the care with respect to lookout to the rear which an ordinarily prudent man would normally exercise in the circumstances, even though he was found to have been on the left half of the road. It was a dark, misty night, the visibility was poor, motorists were using windshield wipers, and the highway, which was black-top, only 22 feet wide, was icy and slippery in spots. The jury might have believed that Mewhorter was not at the east edge of the road, but was nearer the center line. In the circumstances the jury might properly have concluded that ordinary prudence dictated a lookout to the rear, and that Mewhorter was negligent in the premises. Hence we cannot escape the conclusion that the instruction was not only erroneous, but may have been prejudicial by

giving the jury to understand that there was "no problem with reference to lookout to the rear" if Mewhorter was found to be anywhere in the left half of the highway.

In support of the contention that a pedestrian on the left side of the road has no duty to keep a lookout to the rear, plaintiff cites *Darus v. West,* 179 Wis. 279, 191 N. W. 506, and *Hanson v. Matas,* 212 Wis. 275, 283, 249 N. W. 505. We think neither case is opposed to the conclusion we have expressed. In *Darus v. West, supra,* it appears to have been argued that pedestrians on a country highway are required as a matter of law to look to the rear at stated intervals, and the court merely answered:

"We are aware of no such rule of law. They must exercise ordinary care for their safety, but such care cannot for all cases be expressed as a matter of law, in either intervals of time or space." (179 Wis. at p. 280, 191 N. W. 506.)

In *Hanson v. Matas, supra,* the court said only that "perhaps" pedestrians need not keep a lookout to the rear if they are walking on the portion of the highway on which the statute prescribes that they must walk.

Since there must be a new trial for the reasons stated, we do not pass upon some other contentions advanced by the parties, but we think it may be useful to comment briefly on two matters for guidance on a retrial.

We think the court properly refused to submit a question whether Mewhorter failed to yield the right of way to Neddo. We have recently held that inquiries as to yielding of right of way should be limited to cases where pedestrians are crossing the highway. *Wojciechowski v. Baron,* 274 Wis. 364, 80 N. W. (2d) 434. The mere fact that Mewhorter was en route from a tavern on the west side of the road to another 429 feet distant on the east side, was not sufficient to make it a crossing case within that rule. There was no evidence that he was in the immediate act of crossing, rather than walking longitudinally on the highway, when he was hit.

The trial court instructed the jury that under sec. 85.44 (6), Stats., which applies to pedestrians using those highways "not provided with sidewalks," Mewhorter could properly travel on the left side of the highway. Defendants criticize this instruction because the evidence showed that there was a sidewalk along the east side of the road, although substantial parts, if not all of it, were covered with deep snow. We think the trial court properly considered that a highway is "not provided with sidewalks" within the meaning of sec. 85.44 (6) where the only sidewalk is not reasonably available because of deep snow or other obstruction making travel upon it unduly difficult.

*By the Court.*—Judgment reversed, with directions to vacate the order of January 19, 1956, and reinstate the order of January 6, 1956, for a new trial.