DAHL, Appellant, v. ELLIS, Respondent.

*May 11—June 6, 1967.*

442

444

For the appellant there was a brief by *Crawford, Cirilli & Sullivan* of Superior, and oral argument by *Arthur A. Cirilli.*

For the respondent there was a brief by *Hughes, Anderson, Davis & Witkin,* attorneys, and *John P. Foley* of counsel, all of Superior, and oral argument by *Mr. Foley.*

WILKIE, J.   The first issue presented on this appeal is what duty, if any, this pedestrian, walking on a highway in the left-hand lane, had of lookout to his rear.

Appellant contends that a pedestrian walking in the left-hand side of the road as sanctioned by statute has no duty to maintain a lookout to the rear.

In *Mewhorter v. Integrity Mut. Casualty Co.*[1] our court discussed the specific problem, pertinent here, of

[1] (1957), 275 Wis. 77, 80 N. W. (2d) 782.

whether a pedestrian on a highway in his proper lane owes a duty of lookout to the rear. The court said that failure to maintain such a lookout was not negligence as a matter of law. On the other hand, the court expressly refused to forbid the jury to find negligent lookout in the particular circumstances.

"We think that on the evidence in this case, the jury might properly have held that Mewhorter failed to exercise the care with respect to lookout to the rear which an ordinarily prudent man would normally exercise in the circumstances, even though he was found to have been on the left half of the road. It was a dark, misty night, the visibility was poor, motorists were using windshield wipers, and the highway, which was black-top, only 22 feet wide, was icy and slippery in spots. The jury might have believed that Mewhorter was not at the east edge of the road, but was nearer the center line. In the circumstances the jury might properly have concluded that ordinary prudence dictated a lookout to the rear, and that Mewhorter was negligent in the premises. Hence we cannot escape the conclusion that the instruction was not only erroneous, but may have been prejudicial by giving the jury to understand that there was 'no problem with reference to lookout to the rear' if Mewhorter was found to be anywhere in the left half of the highway." [2]

Thus, *Mewhorter* states that the duty of a pedestrian on a highway to maintain a lookout to the rear is premised on the duty to exercise reasonable care. We have no quarrel with the general statement of his lookout duty but as a matter of law we believe there was no duty of lookout to the rear in the instant case. There was no evidence from which the jury could reasonably infer that hazards were present which would require any reasonably prudent man in his position at the left edge of the traveled portion of the roadway to look to his rear. A pedestrian, such as the deceased, walking against traffic along the furthest edge of the traveled portion of the roadway and not being reasonably aware of any hazard to his rear by reason of

---

[2] Id. at page 82.

car lights, the sounding of a horn, traffic conditions, or otherwise, does not have any further duty to observe to his rear.

The deceased had no duty of lookout to his rear and thus it is not necessary to consider whether or not there was evidence from which the jury could reasonably draw an inference of negligent lookout on the part of the deceased.

The crucial issue, also raised on this appeal, is whether deceased was negligent as a matter of law with respect to his position on the street.

Sec. 346.28 (1), Stats., requires that:

"Any pedestrian walking along and upon a highway other than upon a sidewalk shall walk on and along the left side of the highway and upon meeting a vehicle shall, if practicable, step to the extreme outer limit of the traveled portion of the highway."

There was some factual dispute as to deceased's position on the highway. All testimony placed deceased on the southern half of the roadway, at least as far south as the edge of the blacktop. The jury could believe this and find the deceased not negligent as to his position on the highway.

*By the Court.*—On appeal by plaintiff-appellant, judgment reversed; cause remanded with directions to change the answer in the verdict to assess 100 percent of the negligence to defendant-respondent, and to enter judgment thereon for the plaintiff-appellant.