Laue, Respondent, vs. The City of Madison, Appellant.

*November 11 — November 28, 1893.*

*Municipal corporations: Injury  from  defective  sidewalk: Specification of  defects  in  notice:  Constructive  notice:  Evidence:  Court  and jury: Improper argument to jury: New trial: Discretion.*

1. Where the notice given pursuant to sec. 1339, R. S., accurately states the place where an injury occurred and describes generally the insufficiency or want of  repair  which  occasioned it, the  complaint and evidence need not be  confined strictly to  the  precise defects described or  mentioned in  the notice.. 'Thus, where the notice stated that at the point where plaintiff slipped and fell on the sidewalk  there  was  a  steep and  dangerous  descent, that the boards were old and rotten, that there were no slats nailed across the walk, and that when  wet by rain' it became  exceedingly slippery, it was proper to allow plaintiff to allege and prove the actual condition of the walk, including the facts that it had a  lateral  pitch and that rains carried slippery mud upon it from the adjoining lot.

2. Upon the evidence in this case — tending to show that the walk was as above described and that this condition of things had existed for

Laue vs. The City of Madison.

years — it was not error, as against the city, to submit to the jury the questions whether the walk was insufficient and whether the city had constructive notice of that fact.

3. There was no error prejudicial to the city in instructing the jury that the walk could not be held insufficient because lengthwise it followed the slope of the ground, but that it was for them to determine whether or not it was unsafe because of the extent of its pitch toward the street, and of its being so that earth would wash upon it from the adjacent lot, if they found that earth did so wash upon it.

4. If counsel pursue an improper line of argument to the jury, exception thereto should be taken and a ruling had thereon at the time, so that the error, if any, may appear from the record.

5. A motion for a new trial on the ground of improper argument to the jury is addressed to the discretion of the trial court, and its decision will not be disturbed except in case of an abuse of such discretion.

APPEAL from the Circuit Court for *Iowa* County.

On the evening of November 21, 1889, the plaintiff fell and broke his arm and was otherwise injured, by reason of an alleged defective sidewalk. January 28, 1890, the plaintiff notified the city and its mayor and clerk of such injury and defect at the place described in the opinion, and also that the plaintiff claimed damage by reason thereof in the sum of $5,000. February 21, 1890, this action was commenced to recover such damages, by the service of the summons and the original complaint. That complaint was amended September 24, 1891. The answer put in issue the negligence of the defendant. At the close of the trial the jury returned a verdict in favor of the plaintiff, and assessed his damages at $1,800. From the judgment entered thereon the defendant appeals.

*Burr W. Jones,* for the appellant, contended, *inter alia,* that it was error to admit evidence of the notice of claim against the city and of the lateral pitch of the sidewalk and of the condition of the yard of the adjoining lot allowing mud to be washed upon the walk. The notice

made no allusion to these defects on which the plaintiff chiefly relied at the trial and on which the case was finally submitted to the jury. The case does not come within that line of authorities which holds that mere errors are not fatal, provided the notice is sufficient to apprise the officers of the real defect complained of. *Sowle v. Tomah,* 81 Wis. 353; *Billings v. Worcester,* 102 Mass. 329; *Goodwin v. Gardiner,* 84 Me. 278; *McDougall v. Boston,* 134 Mass. 149; *Weber v. Greenfield,* 74 Wis. 234. There was no defect in the walk. In its linear slope it merely followed the slope of the hill, and it could not have been constructed otherwise. Its lateral slope was such as all properly constructed walks have, to carry off water into the gutter. City authorities are not bound to so construct their walks that persons are not liable to fall upon them in rainy weather, and the slipperiness of a walk occasioned by mud and rain cannot be made the ground of a recovery. See *Cook v. Milwaukee,* 27 Wis. 192; *Perkins v. Fond du Lac,* 34 id. 435; *Hill v. Fond du Lac,* 56 id. 248; *Schroth v. Prescott,* 63 id. 652; *Grossenbach v. Milwaukee,* 65 id. 31; *Ayres v. Hammondsport,* 130 N. Y. 665; *Taylor v. Yonkers,* 105 id. 202; *Hausmann v. Madison,* 85 Wis. 187; *Chamberlain v. Oshkosh,* 84 id. 289. The city never had any notice of the defects. The lateral pitch of the walk was not of such a character as to attract attention, and so far as the testimony shows the pretended defects relied on had never been noticed by any human being. The city officers were therefore not bound to take constructive notice of them. *Burns v. Bradford,* 137 Pa. St. 361; *Broburg v. Des Moines,* 63 Iowa, 523; *McGrail v. Kalamazoo,* 94 Mich. 52; *Tice v. Bay City,* 84 id. 461; *Bailey v. Spring Lake,* 61 Wis. 227; *Bergevin v. Chippewa Falls,* 82 id. 505; *Goodnough v. Oshkosh,* 24 id. 549. The instruction by which the jury was allowed to find the walk defective if the earth could wash upon it from the adjacent lot, was

erroneous.   City officers are not bound to invade the private rights and property of adjoining owners in order to keep streets in repair.  *Billings v. Worcester*, 102 Mass. 329; *Taylor v. Peckham*, 8 R. I. 349, 5 Am. Rep. 578; *Jones v. Waltham*, 4 Cush. 299; *Hixon v. Lowell*, 13 Gray, 59; *Jones v. Boston*, 104 Mass. 75.   Municipalities are not liable for defects or want of efficiency in the plan adopted for the construction of their streets.   9 Am. & Eng. Ency. of Law, 380; *Child v. Boston*, 4 Allen, 41; *Easton v. Neff*, 102 Pa. St. 474; *Urquhart v. Ogdensburg*, 91 N. Y. 67; *Williams v. Grand Rapids*, 59 Mich. 51; *Lansing v. Toolan*, 37 id. 152.

For the respondent there was a brief by *Olin & Butler*, and oral argument by *H. L. Butler*.

CASSODAY, J.   It appears from the record that Livingston street runs in a southeasterly and northwesterly direction, and crosses Williamson street at right angles; that Jenifer street is parallel to Williamson street, and is the next street southeasterly therefrom; that on the south corner of the junction of Livingston and Williamson streets there is a store building and dwelling house, fronting northwesterly on Williamson street, occupied by one Deike; that the sidewalk on the southwesterly side of Livingston street runs along within a few feet of the building; that there was at the time a picket fence, with a board along the bottom, separating the walk from the yard, at or near the rear end of the building; that the walk along there was at the time from four to five and three-quarters feet in width; that the earth on the side of the walk towards the building was three or four inches higher than the walk, and flush with it; that opposite the rear end of Deike's building the walk was about five feet higher than the sidewalk on Williamson street; that the pitch or descent in the walk where the accident happened was about eleven inches in ten feet on the

Laue vs. The City of Madison.

outer edge of the walk, and a little more than that on the inner edge; that the descent was less rapid nearer Williamson street; that the average slope towards Williamson street was about eleven and one-half inches in ten feet; that the walk along Livingston street follows the natural surface of the ground; that the sidewalk on Jenifer street was about twelve feet higher than the sidewalk on Williamson street; that at the place of the accident the walk was five and one-half feet wide, and pitched or descended towards the street five and one-fourth inches on the full width, or about one inch to the foot; that the street was two or three feet lower than the walk; that the walk was constructed of old boards, originally an inch in thickness, laid crosswise upon three stringers; that there were no slats on the walk; that it was not a firm walk, but was springy in the center; that at the time of the accident the boards had rotted down so that they were not more than three fourths or five eighths of an inch in thickness in the center, and the edges and bottoms were entirely rotten; that the sidewalk was sunk in the ground at the point of the accident so that the boards projected into the bank or ground towards the building; that there was a gradual slope from the sidewalk up into Deike's back yard; that in time of rain the walk at the place of the accident was subject to be overflowed by the water and mud falling into the yard; that after a rain storm there was generally a broad streak across the walk, of a rather slimy, gummy substance, of dirt and moss and stuff mixed; that there was no gutter or other provision to prevent this; that the water that fell in the yard and on the roof of the building went right over the sidewalk; that the rain carried mud along, and left it on the sidewalk, and made it slippery after a rain storm; that this condition of things had existed for years; that at the time and place of the accident the walk was wet, muddy, and slippery; that about 7 o'clock

in the evening of November 21, 1889, the plaintiff, who was at the time 53 years of age, started from his home on Jenifer street to go to Deike's store, to buy groceries; that in going he went along the sidewalk in question towards Livingston street; that it was a rainy day, and was dark and raining at the time; that he was carrying an umbrella and a half-gallon jar; that the wind was coming up from Williamson street, so that he held the umbrella just before his face; that when he came to the corner of Deike's building his feet slipped out from under him, and he fell and broke his arm and was otherwise injured. Such is a general outline of the evidence in support of the verdict.

1. It is contended that the complaint and evidence should have been confined strictly to the precise defects described or mentioned in the notice, and that the admission of evidence of other defects was error. No question is made that the notice did not accurately describe the place of the accident; nor that it did not state the absence of slats or cleats; nor that it did not state that the boards were old and by long usage had become thin, rotten, and weak; nor that it did not state that whenever it was wet or moist by rain it became exceedingly slippery and very unsafe, insecure, and dangerous to pass over; nor that it did not state that the sidewalk, at the time and place in question, was very steep and unsafe to walk over; nor that it did not state that for some distance on either side of the same it was very steep and of dangerous descent. All those things were stated. But it did not state which way the walk descended, nor that the bank or ground on the lot side came up flush with the ends of the boards on the walk, so that the water from the yard and the roof of the building naturally ran down and carried mud upon the walk, nor that the walk was sunk in the ground, and the boards upon it springy. Should the evidence of these things, not so stated, have been excluded? The statute declares that the notice shall state "the place

*where* such damage occurred, and describe *generally* the insufficiency or want of repair which occasioned" the injury. Sec. 1339, R. S. As indicated, the notice accurately stated the place of the injury and, in a general way, its physical features, so that no one with that notice in his hand, looking for the place described, could fail to find it. In the language of Mr. Justice ORTON in *Fopper v. Wheatland,* 59 Wis. 628: "The plaintiff is not required to make a map of its topography, with sensible objects noted upon it at and near the place, and with courses and distances from and to places and monuments, so that a surveyor could find it with his chain and compass. The only possible object of the notice is to notify the authorities of the town of the place with reasonable certainty, and so that they can readily find it with reasonable diligence." In that case the notice, in some respects, was inaccurate. Nevertheless, it was held to be sufficient. So it has been held that where such notice describes the place of the injury as a bridge, when in fact it was a culvert, it is nevertheless sufficient, if it otherwise designates the place in such a way that it can be found without difficulty. *Wall v. Highland,* 72 Wis. 435; *Salladay v. Dodgeville,* 85 Wis. 318. True, the statute not only requires that the notice should state the place where the damage occurred, but that it should describe in a "*general*" way the insufficiency or want of repair. But a statute is always to be construed with reference to its object, and, as indicated, the object of this statute was to enable the authorities to investigate the question of the defendant's liability. *Spellman v. Chicopee,* 131 Mass. 444; *Welch v. Gardner,* 133 Mass. 529; *Canterbury v. Boston,* 141 Mass. 215; *Liffin v. Beverly,* 145 Mass. 549; *Tuttle v. Winchester,* 50 Conn. 496. Without such "*general*" description of the insufficiency or want of repair, such authorities might, in some cases, be misled as to the defect which caused the injury. But in the case at bar we think the general descrip-

tion given in the notice was sufficient to authorize the plaintiff to allege and prove the actual condition of the walk at the time and place of the injury.

2. We are clearly of the opinion that within the principles stated in *Hart v. West Side R. Co., post*, p. 483, the evidence is sufficient to support the verdict. Within the repeated adjudications of this court, the trial judge was justified in refusing to grant the nonsuit and in submitting the question of negligence to the jury. *Richards v. Oshkosh,* 81 Wis. 228, and cases there cited.

3. Manifestly, the court properly submitted the question to the jury as to whether the alleged defective condition of the walk had ·existed for such length of time prior to the accident that the defendant should, with reasonable care and diligence, have discovered and remedied the same.

4. Exception is taken because the court charged the jury that "a city is not required to grade down its streets so that its sidewalks shall be level. In constructing its walks, it may, as a general rule, follow the natural slope of the ground, although by doing so its walks may not be as safe when it is raining, or when there is snow or ice, as they would be if level. The sidewalk in question cannot be held to have been insufficient because lengthwise it followed the slope of the ground. It is for you to say whether or not the sidewalk where the plaintiff fell was not in a reasonably safe condition *because of the extent of its pitch toward the street, and of its being so that the earth would wash onto it from the side next Deike's lot,* if you find from the evidence that earth did wash onto it from that side." It is very doubtful whether the exception to such portion of the charge, which is general, is sufficient to raise the question whether the last clause, standing alone, would be error. However that may be, we are of the opinion that the charge contains no error which is prejudicial to the defendant. As said in *Hart v. West Side R. Co., post*, p. 483, " as a general

rule, negligence is to be deduced as an inference of fact from several facts and circumstances disclosed by the evidence, after their connection and relation to the matter in issue have been traced and their weight and force considered." This rule is peculiarly applicable to the case at bar. The important question for the jury to determine was whether, at the time and place in question, the sidewalk was in a reasonably safe condition for travel. This necessarily involved all the several facts and circumstances constituting such conditions. The error of the charge, if any, was in eliminating from the case the element of the slope or descent lengthwise the walk, and confining the jury to the pitch or descent towards the street, and its being so that the earth would wash upon it from the side next Deike's lot. The vice of eliminating one or more elements going to make up such condition or negligence was considered in *Heddles v. C. & N. W. R. Co.* 74 Wis. 255–257. In *Stilling v. Thorp,* 54 Wis. 536, 537, the condition of the bridge was somewhat like the walk in question, and it was said: " In charging the jury the court was bound to keep in view these admitted facts and the evidence in the case. The jury were not to be instructed upon law in the abstract, but only as to the law applicable to the admitted facts and the evidence of the respective parties. The court was not, therefore, bound to submit to the jury the effect of mere slipperiness from the ordinary action of the elements, as ice and snow, in a bridge properly constructed and having a level surface, but only to give such instructions as should be requested as to the law applicable *to that bridge in its then present condition* as revealed by the evidence of the respective parties." Such condition necessarily involved all the elements going to make up the same. In this respect it is like circumstantial evidence, which " is defined to be where the proof applies immediately to collateral facts supposed to have a connection, near or remote, with the fact in controversy.

. . . In such a case it is obviously misleading to separate each collateral fact going to make up the chain of circumstances which would, together, thus force conviction of the principal fact in controversy, and then, with qualification, instruct the jury that such isolated collateral fact was not sufficient of itself to establish such principal fact." *United States Exp. Co. v. Jenkins*, 64 Wis. 545, 546. Manifestly the errors mentioned could not have worked to the prejudice of the defendant, although they might have operated to the serious prejudice of the plaintiff.

5. It is contended that a new trial should have been granted because of the improper line of argument of counsel for the plaintiff. The conduct of the trial must necessarily be left with the trial court, in the first instance. If that court commits an error, its rulings may, of course, be corrected here. No exception to such line of argument appears to have been made at the time,— much less was any ruling made thereon, as there should have been. *Mulcairns v. Janesville*, 67 Wis. 35; *Heucke v. M. C. R. Co.* 69 Wis. 409. Such line of argument is only made to appear by affidavits on a motion for a new trial. Such motion was necessarily addressed to the discretion of the trial court. There is certainly more reason for holding that there was no abuse of such discretion in refusing that motion, than in refusing to disturb the judgment in *Baker v. State*, 69 Wis. 41, where it was said: "Counsel necessarily have a broad latitude. Where counsel on one side transcend their privilege, counsel on the other side may, without jeopardizing their case, follow them and indulge in proper comments upon the same matter. . . . The trial judge is necessarily familiar with all such facts and circumstances, as well as all shades of the evidence. He must necessarily have a broad discretion in such matters. . . . Error is not to be presumed in such a case. If counsel abuse their privilege or the court its discretion, it should

be made to appear affirmatively by incorporating all essential facts and circumstances showing it in the record. . . . We cannot say from this record that there was such abuse of privilege or discretion."

The verdict does not appear to be excessive.

*By the Court.*— The judgment of the circuit court is affirmed.