DOLAN, Appellant, vs. THE CITY OF MILWAUKEE, Respondent.

*December 14, 1894 — March 5, 1895.*

*Defective sidewalk: Personal injuries: Notice to city: Description of place and defect: Variance.*

In an action for personal injuries alleged to have been caused by a defective sidewalk, discrepancies between the complaint, the notices of injury served upon the city, and the evidence, both as to the place of the accident and the description of the defect, are *held* to constitute a fatal variance.

APPEAL from a judgment of the circuit court for Milwaukee county: D. H. JOHNSON, Circuit Judge. *Affirmed.*

This action is to recover damages for personal injuries sustained by the plaintiff, January 23, 1881, by reason of an alleged defective sidewalk. The answer consists of admissions and denials and an allegation of contributory negligence. At the close of the trial the court directed a verdict in favor of the defendant, for the reason that the notice given failed to describe the defect in the sidewalk which had been proved upon the trial. From the judgment entered upon the verdict so directed the plaintiff appeals.

For the appellant the cause was submitted on the brief of *Henry L. Buxton.*

For the respondent there was a brief by *Charles H. Hamilton,* city attorney, and *Howard Van Wyck* and *Charles E. Estabrook,* of counsel, and the cause was argued orally by *Mr. Hamilton.*

The following opinion was filed January 8, 1895:

CASSODAY, J. It appears from the record that at the times mentioned Greenbush street ran north and south; that Oregon street ran east and west across Greenbush street; that one block south of Oregon street was Florida street, running across Greenbush street and parallel to Oregon street; that from Florida street to the north side of Oregon street was about 300 feet; that a railroad track running northeasterly and southwesterly crossed Greenbush street about half way between Oregon street and Florida street. The complaint describes the sidewalk as being on the east side of Greenbush street and running from the north line of Oregon street south for a distance of about 150 feet; and the defect as an elevation of sixteen inches, covered with ice and snow, near the north end of that sidewalk. The notice of the defect and injury, dated April 22, 1881, described the defect as an elevation in the sidewalk on the east side of Greenbush street, very near the southeast corner of Oregon and Greenbush streets, and stated that the injury occurred as plaintiff was stepping from Oregon street onto that sidewalk. The second notice [dated April 23, 1881] located the defect about 150 feet north of Florida street, and states that the insufficiency consisted in having the north end of the sidewalk about sixteen inches above the road-bed and ground around it immediately north of said sidewalk at the point where the plaintiff fell.

The evidence locates the defect from 112 to 160 feet north of Florida street, and from twelve to sixteen feet south of

the railway track, and shows that the defect consisted of three steps upward in the walk, going from the north to the south, at a point at the northeastern terminus of the sidewalk on the east side of Greenbush street, and that the plank on the top step had ice on it and was loose.   The plaintiff testified that he did not pass or step from Oregon street upon the sidewalk on the east side of Greenbush street immediately previous to the accident, nor at the point near the southeast corner of Oregon and Greenbush streets.

Thus, it appears that there was a fatal variance, not only between the notice and the complaint, but between the two notices, and also between the proof and each of the notices, and the proof and the complaint, both as to the location of the defect and the description of the insufficiency, as required by the statute, even upon the most liberal construction yet indulged.   Sec. 1339, R. S.   To give legal sanction to such vague, changeable, and uncertain description would completely destroy the very object of the statute.   For a discussion of the principles involved, see *Laue v. Madison*, 86 Wis. 459.

*By the Court.*— The judgment of the circuit court is affirmed.

A motion for a rehearing was denied March 5, 1895.