# BALTIMORE & OHIO RAILROAD COMPANY v. WHITACRE.

### ERROR TO THE COURT OF APPEALS OF THE STATE OF MARYLAND.

No. 71. Argued November 7, 1916.—Decided December 4, 1916.

In the absence of clear and palpable error, this court will not disturb the concurrent findings of state trial and appellate courts upon the mere sufficiency of the evidence concerning negligence and assumption of risk in a case under the Employers' Liability Act.

Certain requests for instructions are here held rightly refused because of deficiencies in recitals of facts.

124 Maryland, 411, affirmed.

THE case is stated in the opinion.

*Mr. Duncan K. Brent* and *Mr. George A. Pearre*, with whom *Mr. A. Hunter Boyd, Jr.*, and *Mr. Geo. E. Hamilton* were on the brief, for plaintiff in error.

*Mr. Frank A. Perdew* and *Mr. Albert A. Doub* for defendant in error.

MR. JUSTICE BRANDEIS delivered the opinion of the court.

Whitacre, a freight train brakeman, while walking through a railroad yard on a dark and foggy night, fell into a water cinder pit and was seriously injured. He brought suit under the Federal Employers' Liability Act of April 22, 1908, c. 149, 35 Stat. 65, in a state court and recovered a verdict. Exceptions were taken to certain refusals to rule. The Court of Appeals of Maryland affirmed the judgment of the court below. 124 Maryland, 411.

It appeared at the trial that, although the pit was of modern construction and well adapted to the purpose for which it was constructed, it was not protected by a guard rail. There was testimony that at the time of the accident certain lights alleged to have been provided about the pit were not lighted; that it had been raining; and that the top of the water was covered to some extent with ashes which made it difficult to distinguish the surface of the pit from solid ground. It was admitted that Whitacre was engaged in interstate commerce. The defences relied upon were assumption of risk and denial of negligence.

The defendant (plaintiff in error) requested a peremptory instruction in its favor, on the ground that there was not sufficient evidence to entitle the plaintiff to recover. The appellate court was unanimous in holding that the trial court had properly left the case to the jury. No

clear and palpable error is shown which would justify us in disturbing that ruling. *Seaboard Air Line Ry.* v. *Padgett*, 236 U. S. 668, 673; *Great Northern Ry. Co.* v. *Knapp*, 240 U. S. 464, 466. The defendant further complains that the trial court refused to give certain instructions on the issues of negligence and assumption of risk. These instructions were properly refused; because in each instance the recital therein did not include all the facts which the jury was entitled to consider on the issues presented and concerning which there was some evidence. The judgment is

*Affirmed.*