HANSON, Appellant, vs. MATAS, imp., Respondent.

*June 6—June 29, 1933.*

*J. E. O'Brien* of Fond du Lac, for the appellant.

For the respondent there was a brief by *John P. McGallo-way* of Fond du Lac and *Richmond, Jackman, Wilkie & Toebaas* of Madison, and oral argument by *Lawrence E. Hart* of Madison.

FOWLER, J.   The appellant assigns as error (1) that the court refused to set aside the verdict because it was "perverse;" (2) that it did not give to the plaintiff as well as the defendant the benefit of the instruction respecting conduct in an emergency; (3) and that it did not instruct the jury properly in several other respects which will be hereinafter stated in detail.

(1) In our opinion the statement of facts above given shows the claim that the verdict is "perverse" to be without merit.   It seems to be based upon the idea that the jury found the truck driver not negligent as to "lookout" and found the plaintiff negligent in that respect.   We perceive no inconsistency in these findings.   The truck driver, under the evidence, saw the plaintiff immediately on rounding the turn.   He was looking ahead and saw the plaintiff as soon as it was possible to see him.   Clearly there was no negligence as to lookout.   The jury found that the plaintiff was stand-

ing in the middle of the road. He stood with his back towards a blind turn in the road only forty or fifty feet away. He was exceedingly deaf. The jury may well have thought that if he wanted to stand in the middle of the road ordinary care required him to take a position facing across the road instead of along it, so that he could see both ways, or one way as well as the other, by merely turning his head instead of so standing that he would have to turn his body in order to see anything rounding the turn from his rear.

(2) The court in connection with the question respecting the negligence of the driver of the truck gave an instruction, correct in form, as to conduct in an emergency. The appellant's only complaint respecting the instruction is that the court did not apply it to the conduct of the plaintiff. We see no occasion so to apply the instruction. There was no ground whatever for holding the plaintiff negligent for his conduct for turning left instead of jumping away from the car when the front of the car brushed his trousers. The emergency rule exculpates one when he acts upon his judgment in an emergency of imminent peril not created by his own fault. The plaintiff's act in turning towards the car was not based upon the exercise of judgment. He made no choice between courses of action. He acted without knowing whether he was in an emergency. He acted, not to avoid imminent danger from a situation, but to see what the situation was. After perceiving the situation he had no time to form a judgment or to act to avoid injury. The plaintiff might properly have objected to applying the emergency rule to the driver of the truck, as the latter manifestly was not without fault in creating the situation of imminent danger. He approached the turn in the road where his view was obstructed at a speed so great that he could not stop within half the distance he could see ahead, contrary to sec. 85.40 (5), Stats. However, this objection does not avail the appellant in view of the finding of the jury. The jury

found the driver of the truck negligent as to management and control, not because of the instruction but in spite of it. The error thus did not prejudice the appellant.

(3) Under this head the appellant has embraced several alleged errors relating to submission of the case and absence of instructions relating to some of the issues.

(a) The appellant contends that it was improper to inquire of the jury whether the plaintiff was negligent for "standing" in the road and to instruct in the language of sec. 85.44 (9), Stats., that "No person shall stand or loiter on any roadway other than in a safety zone if such act interferes with the lawful movement of traffic." We perceive no error in this. For a deaf man to stand in the middle of a narrow road covered with loose gravel with his back to a blind turn only forty feet away would quite likely result in interference with lawful traffic. Had the truck been approaching the turn at a lawful rate of speed, and had the driver had the truck in proper control, he would under the circumstances have had to stop in order to avoid striking plaintiff.

(b) The appellant contends that the court erred in instructing the jury in the language of sec. 85.44 (6), Stats., that "Pedestrians using those highways not provided with sidewalks shall travel on and along the left side of such highway, and the pedestrian, upon meeting a vehicle, shall, if practicable, step off the traveled roadway." This instruction was appropriate for consideration in connection with the specific question put to the jury whether the plaintiff was negligent in respect to his position upon the highway. The objection to giving it in the instant case is apparently based upon a statement in the opinion of the court in *Leckwe v. Ritter*, 207 Wis. 333, 337, 241 N. W. 339, expressing doubt whether the *"legislature intended to require a pedestrian walking along a narrow one-track country highway to travel only along the left side thereof, with the incidental consequence* that a pedestrian not so traveling would be guilty of

a want of ordinary care as a matter of law, even though run down by an automobile approaching from the rear."

We had occasion to consider this statement in the opinion in *Wiese v. Polzer, post,* p. 337, 248 N. W. 113. We there said:

"This statement must be considered in connection with the facts involved in the case in which it was made. A country road might conceivably be so narrow that an automobile could not pass a pedestrian without striking him whether he were on the left or the right of its center line. In such case the pedestrian would not be guilty of contributory negligence merely for not being to the left of the center, but the element lacking would be proximate causation rather than want of ordinary care. And it is doubtless true that a statute would not require a pedestrian to do the impossible, or to expose himself to one danger from ahead in order to avoid another danger from behind, as in the case of two automobiles meeting at the point of a pedestrian's position on the road where there was not room to pass without striking him in whatever position in the road he might be. But these situations are far removed from that in the instant case. We must adhere to the rule stated in the *Montgomery* and *Edwards Cases, supra* (*Osborne v. Montgomery,* 203 Wis. 223, 234 N. W. 372; *Edwards v. Kohn,* 207 Wis. 381, 241 N. W. 331), that where a safety statute lays down a rule of conduct it establishes the standard of ordinary care, and one who violates it cannot be heard to say that he exercised ordinary care or ought not to have anticipated injury from its violation, unless compliance is under the circumstances impossible, or would subject him to other imminent and apparent dangers."

It is obvious that the plaintiff herein is not excepted from the statute because compliance with it was under the circumstances impossible or would subject him to any danger. We are of opinion that narrow country roads are within the purview of the statute. There is ordinarily more reason for complying with the statutory requirement upon narrow than wide roads, as the wider the road the easier it is for the

driver of the approaching car to avoid striking a pedestrian traveling in disregard of the statute.

It is urged in this connection that it was error to state the statute to the jury without an instruction limiting its application under the facts of the case. We perceive nothing in the facts of the case to limit its application. As above stated, it was not impossible for plaintiff to comply with the statute, and compliance with it would not subject him to any additional danger from in front.

(c) Appellant contends that it was error to insert questions as to yielding right of way without informing the jury when one has such right. The brief seems to go upon the assumption that a question was submitted inquiring whether the plaintiff was negligent in this respect. No such question was put respecting the plaintiff. As to the defendant's negligence in this respect, it is immaterial that the jury found him not so negligent because they found him guilty of actionable negligence in other respects, and as the finding itself is immaterial it is immaterial that the court did not give any instruction respecting right of way.

(d) It is also urged that there was error in submitting to the jury whether the plaintiff was negligent as to lookout, in absence of instruction in immediate context as to what constitutes negligence in the particular respect. Instructions should be so given that the jury will understand to what questions they refer. If they will so understand from the nature of the instruction, it is not necessary that an instruction be separately stated in immediate connection with every question upon which it bears. Here general instructions were given as to what constitutes negligence, and what constitutes ordinary care. They were given but once, but were given in defining the word "negligent," as used in all the questions submitted as to the negligence of both parties, and the court expressly so stated. This was enough. In this connection fault is found that the court did not particularly

instruct the jury as to what was required of the plaintiff in respect to lookout. The court stated that "it is the duty of all automobile drivers and all other users of the highway to use due vigilance, that is ordinary care, in keeping a proper lookout to avoid injury to persons or property. A failure to do so is negligence." This applied to the plaintiff as a user of the highway, and covered plaintiff's duty to avoid injury to himself as well as the duty of the defendant to avoid injury to him. In absence of requests for further instructions it was sufficient. Counsel suggests that pedestrians on a highway need not keep a lookout to the rear. Perhaps this is true, if they are walking on the portion of the highway on which the statute prescribes that they must walk. But if they see fit to stand in the middle of a narrow single-track road, no reason is perceived why they should not be required to maintain such lookout in both directions as is reasonably necessary for their protection.

This we believe sufficiently covers all matters raised by the assignments of error or by the record.

*By the Court.*—The judgment of the circuit court is affirmed.