TIETZ and another, Respondents, vs. BLAIER and another, Appellants.

*February 26—April 8, 1947.*

216

For the appellants there was a brief by *James R. Joyce* and *W. T. Kuchenberg,* both of Appleton, and oral argument by *Mr. Joyce.*

For the respondents there was a brief by *Zwicky & Zwicky* of Clintonville, and *Benton, Bosser, Becker & Parnell* of Appleton, and oral argument by *Andrew W. Parnell* and *A. Don Zwicky.*

FAIRCHILD, J. Appellants contend that the evidence indicates that Blaier was not negligent as to lookout, control, or the proper lighting of his car, that his conduct was not a proximate cause of the collision, and that the trial court erred in failing to instruct the jury as to the duty a host owes to his guest as distinguished from the duty the host owes to other users of the highway.

The questions submitted to the jury relative to Blaier's negligence were proper. There was testimony indicating that he was negligent as to lookout, as to control, and as to the proper lighting of his car. It was for the jury under the evidence to determine what negligence existed and to what extent

it was causal. There was a dispute in the testimony but the resulting jury findings were well supported.

Blaier had observed the Tietz car but did not expect it to cross the highway and did not use due care in his observation. He turned off to the left instead of proceeding in the right lane. The jury concluded that Blaier was negligent in so operating his car and that that negligence was also a proximate cause of the accident. It cannot be said that that conclusion was unjustified because Blaier was not negligent as to speed and thought the Tietz car was going to turn to the right after entering the highway. He failed to see the Tietz car on the highway until it was too close to avoid hitting it.

Blaier and the occupants of his car testified that the lights were bright. But there was other testimony to support a finding to the contrary and to the effect that their failure to extend a beam of light was misleading as to the location of the car. Neither Mr. nor Mrs. Tietz had seen the lights of the Blaier car when their car stopped before crossing and as they entered the highway. When they did observe them, the Tietz car was already well across the highway and the lights appeared dim and a considerable distance away. The jury evidently concluded that the lights were too dim to serve their purpose. Blaier testified that "they shine down so close in front of you, on dim you can't see far." They were switched from bright to dim by moving a lever on the steering wheel, and they had just been switched to dim while passing an approaching car. That was a cause of the failure to give Tietz a fair warning of Blaier's approach. Competent lighting would have facilitated Blaier's lookout, control and management, and he could have so managed his car as to avoid the collision and at the same time assist Tietz in correctly determining the true situation of the oncoming car.

There was no error in the court's failure to instruct the jury on the duty a host owes to his guest. Appellants urge that since the Farmers Mutual Automobile Insurance Com-

pany bases its claim for contribution to the amounts paid by it to the guests in the Blaier car on the jury finding that Blaier was driving with defective lights, there could be no recovery because the guest occupants would assume that risk. The basis of the Farmers Mutual Automobile Insurance Company's claim for contribution is not so limited. The negligence complained of was driving without "maintaining a proper lookout," or "control of his car," and without "having his car properly lighted" at the time. The guest does not assume the driver's sudden and temporary failure to maintain a lookout or to promptly return his lights from dim to full unless it is a known practice and constant enough to attract the attention of a reasonable person exercising ordinary care, and there is no evidence to sustain such a claim here. In the language of *Poneitowcki v. Harres* (1930), 200 Wis. 504, 511, 228 N. W. 126, "there manifestly is no difference between the degree of care he is required to use in these respects for the safety of his guests and for the safety of other persons."

*By the Court.*—Judgment affirmed.