DOMBROWSKI, by Guardian *ad litem,* and another, Plaintiffs and Respondents, vs. ALBRENT FREIGHT & STORAGE CORPORATION and another, Defendants and Respondents: BAEHMAN and another, Defendants and Appellants.

*June 3—July 3, 1953.*

442

For the appellants there was a brief by *Benton, Bosser, Becker & Fulton* of Appleton, and oral argument by *David L. Fulton.*

For the respondents Albrent Freight & Storage Corporation and Fidelity & Casualty Company of New York there was a brief by *Fisher, Reinholdt & Peickert,* attorneys, and *Hiram D. Anderson, Jr.,* of counsel, all of Stevens Point, and oral argument by *Mr. Anderson* and *Mr. Clifford W. Peickert.*

For the respondents Albert Dombrowski and Louie Dombrowski there was a brief by *D. O. Omholt* of Iola, and *Wendell McHenry* of Waupaca, and oral argument by *Mr. Omholt.*

CURRIE, J. The sole issue on this appeal is whether the negligence of the defendant Baehman, in parking her car on the highway as she did, was a legal cause of the accident in which plaintiffs Dombrowski sustained their damages. Appellants contend that the parking of the Baehman car on the highway was not a substantial factor in causing the accident, and in any event that the intervening negligence of the driver of Albrent truck A precludes Mrs. Baehman's negligence from being a legal cause of the accident.

The jury, by its special verdict, found that the negligence of Mrs. Baehman was *"a natural cause of the collision."* There is ample evidence in the record that the parking of the Baehman car on the highway caused the driver of Albrent truck A to apply his brakes and turn such truck off Highway

10 into Riverside drive, and that such acts of the driver of Albrent truck A in turn caused the driver of Albrent truck B to apply his brakes thereby resulting in such truck skidding into the path of the oncoming Dombrowski truck and the collision between such last two mentioned vehicles. Thus the evidence sustained the jury's finding as to causation so that Mrs. Baehman's negligence constituted a substantial factor in causing the collision.

It is not causation in its natural or physical aspect with which we are concerned on this appeal, but rather causation in its legal sense. Appellants are asking this court to hold as a matter of law that the acts of the driver of Albrent truck A constituted an intervening or superseding cause which precluded Mrs. Baehman's negligence from being a legal cause of the collision and resulting damages to the plaintiffs. No question of whether the driver of Albrent truck A was negligent was submitted to the jury, so there is no finding as to whether such driver's acts were negligent. However, for the purpose of passing upon appellants' contention, we will assume that such truck driver was negligent.

In our decision in the recent case of *McFee v. Harker* (1952), 261 Wis. 213, 52 N. W. (2d) 381, we dealt with this troublesome question of intervening cause at some length. We therein adopted the test of intervening cause laid down in Restatement, 2 Torts, p. 1196, sec. 447, as follows:

"The fact that an intervening act of a third person is negligent in itself or is done in a negligent manner does not make it a superseding cause of harm to another which the actor's negligent conduct is a substantial factor in bringing about, if

"(a) the actor at the time of his negligent conduct should have realized that a third person might so act, or

"(b) a reasonable man knowing the situation existing when the act of the third person was done would not regard it as highly extraordinary that the third person had so acted, or

"(c) the intervening act is a normal response to a situation created by the actor's conduct and the manner in which it is done is not extraordinarily negligent."

In the rule of the Restatement as above set forth, there are three criteria to be applied to intervening acts of a third person in determining whether or not such negligence is a superseding cause. It is to be noted that the three criteria are in the alternative, and if the facts fall within any one of the three, the intervening act of the third person does not constitute a superseding cause which precludes the negligence of the first actor from being a legal cause of the harm done.

The alternative test set forth in subparagraph (c) of the foregoing quotation from the Restatement is directly applicable to the fact situation in the instant case. The intervening act of the driver of Albrent truck A was "a normal response" to the "situation created by" Mrs. Baehman's "conduct," in negligently parking her car as she did, and such truck driver's acts were "not extraordinarily negligent." Such acts of the driver of Albrent truck A, therefore, did not constitute an intervening or superseding cause which prevented Mrs. Baehman's negligence from constituting a legal cause of the accident.

We do not have such remoteness in the chain of causation between Mrs. Baehman's negligent act and the collision between the Dombrowski truck and Albrent truck B as would warrant this court, from considerations of public policy, in holding that the conscience of society would be shocked if Mrs. Baehman were to be held liable for plaintiffs' damages. See *Pfeifer v. Standard Gateway Theater, Inc.* (1952), 262 Wis. 229, 238, 55 N. W. (2d) 29.

*By the Court.*—Judgment affirmed.