DE KEUSTER, Respondent, vs. GREEN BAY & WESTERN
RAILROAD COMPANY, Appellant.

*June 4—July 3, 1953.*

478

For the appellant there was a brief by *Welsh, Trowbridge, Wilmer & Bills* of Green Bay, and oral argument by *Fred N. Trowbridge*.

For the respondent there was a brief by *Cohen, Parins & Cherney* of Green Bay, and oral argument by *Colburn G. Cherney*.

BROWN, J.  Under the Federal Employers' Liability Act it is a railroad's duty to furnish a reasonably safe place for its employee to work and reasonably safe tools and appliances with which to work. This duty is not an absolute one but

the railroad must exercise reasonable care to that end. *Baltimore & Ohio S. W. R. Co. v. Carroll* (1930), 280 U. S. 491, 50 Sup. Ct. 182, 74 L. Ed. 566. The employee has the burden of proving the negligence of the employer.

Defendant summarizes its argument here as follows:

"The defendant furnished the plaintiff with an appliance to climb atop the stack of ties—the natural ladder or steps formed by the construction of the stack of ties. No proof was offered by the plaintiff: (1) That a ladder or other climbing device would have been safer or practical to use; (2) that the appliance furnished was not reasonably safe; or (3) that it was customary to use a ladder or other climbing device for this purpose."

From this, it submits that the jury's answer to question One of the verdict is without support.

Defendant's identification of the pile of ties as an appliance furnished plaintiff by the employer is an unfortunate one, for if it is an appliance, a natural ladder, it is clearly defective. Its top rung came away under plaintiff's hand, causing him to fall to the ground. The behavior of this appliance when put to use is ample evidence to sustain a finding that it was not reasonably safe for the purpose which defendant says it was designed and furnished for. The failure of such ladder to bear plaintiff's weight, and defendant's charge that the jury relied not on evidence but on conjecture, make appropriate a repetition of the words of the court in *Chicago, M. & St. P. R. Co. v. Moore* (8th Cir. 1909), 166 Fed. 663, 666, 23 L. R. A. (N. S.) 962, as follows:

"Of course, jurors are not restricted to a consideration of the facts directly proven, but may give effect to such inferences as reasonably may be drawn from them. Nor are they expected to lay aside matters of common knowledge or their own observation and experience of the affairs of life, but, on the contrary, to apply them to the evidence or facts in hand, to the end that their action may be intelligent and their conclusions correct."

This so-called ladder collapsed while in use. The jury's common knowledge applied to that fact led inevitably to the conclusion that this device for climbing was defective.

Defendant also argues that in order to establish defendant's liability plaintiff must show that defendant, in requiring him to climb piles without the aid of real ladders, departed from custom. The authorities do not demand evidence of custom. Referring again to the opinion in *Chicago, M. & St. P. R. Co. v. Moore, supra,* we find, at page 668:

"Without question, it would have been permissible to show what pins were used by other owners and operators of like derricks, for that would have been some evidence of what could have been, and ought to have been, done by the defendant; but evidence of that character was not indispensable, because the ultimate and controlling test of the exercise of reasonable care is, not what has been the practice of others in like situations, but what a reasonably prudent person would ordinarily have done in such a situation. The law is not so unreasonable as to afford no test where there has been no practice by others with which the conduct in question can be compared; nor does it permit common sense and reason to lose their sway because, through ignorance, inattention, or selfishness, an unreasonable practice has prevailed."

In *Baltimore & Ohio R. Co. v. Whitacre* (1915), 124 Md. 411, 92 Atl. 1060 (affirmed 242 U. S. 169, 37 Sup. Ct. 33, 61 L. Ed. 228), the railroad asked an instruction that if the unguarded ashpit into which plaintiff fell was like those of other railroads the jury could not find negligence in its construction. On appeal it was held the instruction was correctly refused. The appellate court said (p. 432):

"The [trial] court was not concerned with the question whether other railroads were or were not negligent in their appliances, but whether the Baltimore & Ohio was, and the mere fact that the mode of construction followed that done by another company, and which may or may not have been a safe and proper appliance, could form no basis to relieve

the Baltimore & Ohio Company from liability in case the jury found negligence in the construction and maintenance of this pit."

As long ago as in *Hosic v. Chicago, R. I. & P. R. Co.* (1888), 75 Iowa, 683, 685, 37 N. W. 963, a jury found that the failure of the railroad to put footboards over its open freight cars constituted negligence. On appeal it was held that ". . . the fact that such negligence was usual or customary would not relieve defendant from liability for its consequences."

We are not convinced that the construction of this pile of ties made the pile an appliance for going to the top of it. It seems to us, rather, that the pile constituted a place of work which, in the absence of some additional equipment for getting upon it, was not reasonably safe; and defendant's failure to supply such equipment was a negligent insufficiency in defendant's works and appliances, in violation of the provisions of the act. However, as defendant chose the theory that the pile was a self-contained climbing device and as the result could be no different if it is considered a place of work, we adopt defendant's theory for the purposes of this opinion. As a device or appliance the physical facts supply the evidence to take the question of its sufficiency to the jury and to sustain its answer that the defendant failed to furnish a reasonably safe means for plaintiff's ascent of the pile of ties.

*By the Court.*—Judgment affirmed.