McCarty, Special Administratrix, Appellant, vs. Weber
and others, Respondents.

*October 6—November 3, 1953.*

For the appellant there was a brief by *Weisman & Weisman* of Racine, and oral argument by *Jacob M. Weisman*.

For the respondents there was a brief by *Langer & Cross* of Baraboo, and oral argument by *Clyde C. Cross*.

BROWN, J. There is evidence to sustain all the findings. The most controversial of these concerns Dr. Finnegan's lookout. If there is no evidence to sustain that finding then the case must be sent back for new trial because the finding affects the proportions of negligence. The appellant submits that no one can say what Dr. Finnegan saw or did not see, and contends that since he is dead he is presumed to have exercised due care and the mere fact that he collided with the milk truck is not evidence that he was negligent in lookout. However, the weaving of the Finnegan car in and out of its own traffic lane is characteristic of drivers whose attention is diverted from the road and who are not looking where they are going, as every automobile user knows.

" 'Of course, jurors are not restricted to a consideration of the facts directly proven, but may give effect to such inference as reasonably may be drawn from them. Nor are they expected to lay aside matters of common knowledge or their own observation and experience of the affairs of life, but, on the contrary, to apply them to the evidence or facts in hand, to the end that their action may be intelligent and their conclusions correct.' " *De Keuster v. Green Bay & W. R. Co.* (1953), 264 Wis. 476, 479, 59 N. W. (2d) 452.

The failure, too, of Dr. Finnegan to avail himself of the ample room to pass the Weber truck on his proper side of the road also indicates that he was not looking along the street in the direction in which he was traveling, which is indispensable to the exercise of due care.

"In view of the favorable opportunity which Lemke [the driver] had to observe, in ample time to avoid a collision, the existing circumstances which rendered his manner of approach highly dangerous, and of his apparent failure to avail himself of that obvious opportunity, it was within the province of the jury to find that he failed to exercise due care for his own safety by keeping a proper lookout and was therefore causally negligent in this respect." *Haase v. Employers Mut. Liability Ins. Co.* (1947), 250 Wis. 422, 429, 27 N. W. (2d) 468.

All presumption of due care in lookout went out of the case when the evidence sufficient to support a contrary finding came in. In *Reichert v. Rex Accessories Co.* (1938), 228 Wis. 425, 438, 279 N. W. 645, we adopted Prof. Wigmore's rule expressed as follows:

"It must be kept in mind that the peculiar effect of a presumption 'of law . . . is merely to invoke a rule of law compelling the jury to reach the conclusion in the absence of evidence to the contrary from the opponent. If the opponent does offer evidence to the contrary (sufficient to satisfy the judge's requirement of some evidence), the presumption disappears as a rule of law, and the case is in the jury's hands free from any rule.' "

Appellant also submits that because the milk truck was in the center of the highway Dr. Finnegan was confronted with an emergency and his method of meeting it does not constitute negligence. We cannot find evidence in the record that presents him with an emergency to be dealt with. If anything, the shoe is on the other foot. Nor can we discover perversity in the verdict.

We consider the questions raised here were for the determination of the jury and the jury's answers have settled the issues.

*By the Court.*—Judgment affirmed.