OLSON, Administrator, and others, Respondents, vs. MIL-
WAUKEE AUTOMOBILE INSURANCE COMPANY and
others, Appellants.*

*January 8—February 2, 1954.*

* Motion for rehearing denied, with $25 costs, on April 6, 1954.

108

For the appellants Blaine Welch and Milwaukee Automobile Insurance Company there were briefs by *Hale, Skemp, Nietsch, Hanson & Schurrer* of La Crosse, and oral argument by *Thomas H. Skemp*.

For the appellants Robert M. Voshell and Gerden Trucking Company there was a brief by *Lees & Bunge*, attorneys, and *Lawrence M. Engelhard* of counsel, all of La Crosse, and oral argument by *Mr. Engelhard*.

For the respondents there was a brief by *Donovan, Gleiss, Goodman, Breitenfield & Gleiss* of Sparta, and oral argument by *Leo J. Goodman*.

GEHL, J. It is the well-recognized rule that when a jury's findings are attacked, particularly when they have had the trial court's approval, our inquiry is limited to the issue whether there is any credible evidence that, under any reasonable view, supports such findings. With the rule in mind we consider that it is necessary to recite only the testimony which supports the jury's findings. Some of it is in dispute,

but as to the disputed testimony we must recognize that it was for the jury to determine where the truth lies.

Voshell attacks the refusal of the trial court to change the jury's answers which found him causally negligent with respect to control.

The testimony given by Voshell is all that there is in the record with respect to his conduct. He was driving a heavy trailer in an easterly direction upon Highway 16. As he entered a curve bearing to the southeast he could see ahead a distance of about a city block. After he entered the curve and driving at the rate of about 30 miles per hour he struck some ice, the unit turned to the north lane; he made an effort to return it to the south lane but failed. Then the unit entered the north ditch and shoulder. He thought that he could gain traction upon the snow in the ditch and on the shoulder so as to permit him to turn his front wheels back onto the pavement. He did not apply his brakes because, as he testified, the ditch appeared to be shallow and he felt that if he applied his brakes the unit would settle into the ditch and he would have to be towed out. He could see some distance ahead and saw no obstacles. After he came out of the snow-covered area in the ditch he felt a jolt on his steering wheel. The jolt threw the steering wheel out of his hands. His head struck some part of the cab and he was rendered unconscious. He does not recall what happened after the steering wheel was jolted out of his hands.

Upon examination made after the accident he found that he had struck a culvert under a private driveway leading from the highway into the farmyard of one Martin Wood. When he struck the culvert he was driving at the rate of about 20 miles per hour.

The unit was thrown to the pavement, a part of it landing on the north half of the pavement and extending a slight distance to the south of the center line of the road. It was lying there when the Welch car struck it.

We agree with counsel for Voshell that the mere fact that his trailer skidded into the north ditch does not establish that he was negligent. *Linden v. Miller,* 172 Wis. 20, 177 N. W. 909. The real question is whether his conduct after his unit entered the ditch was negligent. Counsel insists that we must find as a matter of law that the undisputed testimony establishes that he was not guilty of causal negligence. We do not agree.

"Where the facts are wholly undisputed and admit of no conflicting inferences, the question is one of law for the court." 53 Am. Jur., Trial, p. 143, sec. 157.

The trial court properly submitted the question as to Voshell's control of the unit for such inference or inferences as the jury might make. The jury is not restricted to a consideration of the facts proved even though they be undisputed. They may give effect to such inferences as reasonably may be drawn from them. *De Keuster v. Green Bay & W. R. Co.* 264 Wis. 476, 59 N. W. (2d) 452.

The trial court in its instructions to the jury treated the question submitted as to Voshell's negligence as follows:

"In this case the fact is undisputed that the tractor-and-trailer unit of the defendants Gerden Brothers was upset so it blocked the traveled portion of the highway at the time that this accident occurred. You are instructed that where a vehicle is in a position on a highway where it has no legal right to be, it is presumed that such position on the highway is due to some act of negligence on the part of those who are responsible for its operation, and it becomes the duty of those who operate said vehicle to prove otherwise, and to satisfy you, the jury, that the illegal position on the highway is not due to any fault of those who are responsible for its operation."

The instruction was given at the request of Blaine Welch and Milwaukee Automobile Insurance Company. It was erroneous and prejudicial. First, it assumes that the unit

"blocked the traveled portion of the highway" whereas there is testimony that it covered but a very slight part of the concrete south of the center line. Second, it states the law to be that when a vehicle is in a position on a highway where it has no legal right to be it is presumed that such position on the highway is due to some act of negligence on the part of the operator. *Hamilton v. Reinemann*, 233 Wis. 572, 290 N. W. 194; *Kempfer v. Bois*, 255 Wis. 312, 38 N. W. (2d) 483, are not applicable. The rule there stated does not apply where one of the vehicles on the highway creates a static condition as is the case here. The cases holding that the presence of a vehicle on the wrong side of the road establishes a *prima facie* case of negligence on the part of the operator had to do with moving vehicles. An entirely different situation exists where the encroaching vehicle is at rest, particularly where its presence is observable to an approaching driver and there is evidence that the vehicle at rest lies in such position as to enable other users of the highway to proceed on an unobstructed portion of the highway without danger of collision. By the instruction the burden of proof was in effect shifted to Voshell and the other parties to the action were relieved of the duty to prove every element essential to a finding against him. The error is such as to require a new trial.

Counsel for Voshell contend that if it be found that he was negligent with respect to control such negligence was not a legal cause of the collision. They argue that the negligent acts of Welch were an intervening or superseding cause which insulated any negligence of Voshell as a cause of the collision. The same contention was made in *Dombrowski v. Albrent Freight & Storage Corp.* 264 Wis. 440, 59 N. W. (2d) 465, with respect to a factual situation similar to that which exists here. We rejected a similar claim. What we said there is applicable here. The act of Welch was a normal response to the situation created by the conduct of Voshell in bringing his unit into a position upon the highway; the

acts of Welch were not extraordinarily negligent so as to constitute an intervening or superseding cause which prevented the negligence of Voshell from constituting a legal cause of the accident.

At the time the Voshell unit fell upon the highway Blaine Welch was proceeding toward it in his automobile from the east. He had as his guests in the automobile Russell Olson and Eugene Schaller. Their testimony is in most essential respects quite similar. It had snowed a little before the accident but not sufficiently to have caused any serious trouble. Visibility was not affected and they could observe a distance ahead at least 300 feet. When Welch approached the curve just east of the scene of the collision the car was traveling at the rate of from 25 to 30 miles per hour.

Olson testified that when they reached a point from 300 to 500 feet east of the Voshell unit he observed it and at that time Welch said "look at the truck; there is something in the road." Schaller's testimony was to the same effect except that he testified that when the remark was made by Welch their car was from 250 to 300 feet from the unit. It is true that Welch testified that he did not see the trailer until he was within 60 to 70 feet east of it but, of course, the jury had the right to accept either statement. Welch applied his brakes when he first saw the trailer; after he had spoken of the presence of the tractor-trailer and had applied his brakes the guests called his attention to the fact that there was an obstacle in the road. When he saw the trailer, Welch turned to his left, applied his brakes, and continued straight ahead in the south lane of traffic. The right front of his car struck the trailer and headed for the ditch. The two guests sustained serious injuries and Olson, before the trial was reached, died as a result of his injuries.

There is a dispute in the evidence as to the condition of the weather and of the highway. There is evidence that it had been snowing but the jury was entitled to believe that there

was not a sufficiently heavy snowfall to interfere with Welch's view ahead.

Schaller testified at the trial and Olson at an adverse examination taken before his death testified that they made no protest and said nothing because when Welch remarked that he had seen the object they assumed that he would avoid the unit and that if they had said anything they feared that it would confuse him, "just made things worse."

Counsel for Welch attack the jury's findings as to his conduct. We agree that the evidence does not permit of a finding that he was negligent with respect to speed. The testimony is undisputed that when he saw the truck he was traveling at a rate not to exceed about 40 miles per hour, not under the circumstances at an excessive rate. He did not increase his speed when he saw the truck. He applied his brakes but, because of the condition of the pavement, was unable to reduce his speed more than slightly.

There was, however, evidence to support the findings as to lookout and control. The guests testified that they saw the truck when their car was from 250 to 500 feet from it. We perceive no reason for his failure to have seen it from at least the minimum distance. That he said he saw it when he was only 70 feet from the truck is of no consequence; the jury was entitled to believe either statement. We consider that the jury might from all the evidence infer that had Welch been maintaining a proper lookout he would have seen the truck when back of it far enough so that he would have avoided the collision by turning farther to his left. *Zoellner v. Kaiser,* 237 Wis. 299, 296 N. W. 611.

As to control, the jury was warranted in finding that after Welch saw the truck there was ample opportunity, even assuming that the pavement was somewhat slippery, to turn it slightly more to the left and thereby to avoid the accident. *Monsos v. Euler,* 216 Wis. 133, 256 N. W. 630.

Counsel for Welch contend that it should be found as a matter of law that the guests assumed the risk incident to the

manner in which Welch drove his car. In this case there could be no basis for such finding, whether it be by the jury or by the court, in the absence of a showing that the accident happened because of lack of skill, experience, or judgment on the part· of Welch. It is the risk incident to the skill of the driver which a guest assumes. The risk which is attendant upon the driver's failure conscientiously to exercise his skill and judgment is not assumed. *Eisenhut v. Eisenhut,* 212 Wis. 467, 248 N. W. 440, 250 N. W. 441. The record is barren of any evidence which would indicate that Welch failed to exercise such skill and judgment as he possessed. A guest does not assume the risk of a driver's sudden and temporary failure to exercise ordinary care unless the driver's conduct is a practice known to the guest and constant enough to attract· the attention of a reasonable person exercising ordinary care. *Tietz v. Blaier,* 250 Wis. 214, 26 N. W. (2d) 551. There is no evidence to support such a finding in this case.

Until the occupants of the Welch car saw the unit, there was nothing in the manner in which Welch was driving to suggest that the plaintiffs protest against it. When they saw the unit Welch called attention to its presence upon the highway. There was no occasion or reason then or thereafter for the plaintiffs to protest. To have done so might have resulted in confusion, or as Schaller said, "it would have just made things worse." The negligence of Welch was momentary and plaintiffs cannot be said to have assumed the risk. *Rule v. Jones,* 256 Wis. 102, 40 N. W. (2d) 580. We may not disturb the answers to the questions which inquire as to the conduct of the plaintiffs.

Counsel for Welch complain that "both the instructions of the court and the special verdict in this case were void of any reference to the rule of law which in substance provides that the guest can expect from his host no greater degree of care, skill, or judgment than the host actually possessed, and which he was capable of exercising conscientiously in protecting his

own safety." The rule to which they refer applies to the issue of assumption of risk and it was requested that the instruction be given as it bears upon that issue. As we have already pointed out, there was no basis for a finding of assumption of risk.

It is contended that some of the instructions given were not separately stated in immediate connection with the questions upon which they bear. It is true that instructions should be given so that the jury will understand to what questions they refer; but it is not necessary that an instruction be stated in immediate connection with every question upon which it bears. *Hanson v. Matas,* 212 Wis. 275, 249 N. W. 505. We consider it appropriate to suggest, however, that it is the better practice to do so.

It is urged that the court erred in its charge in that it stated the same rule as being applicable to both the issue of contributory negligence and that of assumption of risk. Again, there was no basis for a finding of assumption of risk. If the jury were properly instructed upon the issue of contributory negligence Welch has no reason to complain. Counsel do not contend that they were not.

The trial was suspended so as to permit counsel for Welch to call to the court's attention the fact that plaintiffs' attorney had, in the presence and hearing of the jury, inquired whether he would admit the fact that Welch had insurance coverage. Counsel for plaintiffs denied that he had made the inquiry in a voice audible to the jury. Welch's attorney then asked the court to instruct the jury that the question of insurance coverage was not in the case and that that matter should be disregarded. The court failed to comply with the request. The record does not disclose whether or not the jury heard counsel's question. We may not assume that it did and must, in view of the court's failure to instruct as requested, suppose that the court was satisfied that it did not.

Assuming however that the jury did hear the question, there is nothing in the record, particularly the jury's findings,

which would indicate that it prejudiced the jury or influenced their verdict. Furthermore, the special verdict bears the titles of the actions and designates Welch's insurance company as one of the defendants, thus at least suggesting to the jury the interest of the company in the action. A motion for a new trial upon the ground of improper conduct of counsel is addressed to the discretion of the trial court. *Laue v. Madison,* 86 Wis. 453, 57 N. W. 93. Its ruling thereon may not be disturbed unless an abuse of discretion is shown; it does not so appear in this case.

Having concluded that the jury was warranted in finding no causal negligence on the part of the plaintiffs and that there must be a new trial, the question arises, as to which of the parties should be required to submit thereto. In *Leonard v. Employers Mut. Liability Ins. Co.* 265 Wis. 464, 62 N. W. (2d) 10, we stated that the power of the court, trial and appellate, to limit the issues to be retried is generally recognized. We declined to limit the issues in that case where a new trial had been ordered by the trial court for the reason that it was considered that the determination should be made in the first instance by the trial court. In the instant case the lower court refused to grant a new trial; there was therefore no occasion for it to have considered the question. We should exercise the authority of an appellate court to limit the issues if "the course can be pursued without confusion, inconvenience, or prejudice to the rights of any party," 39 Am. Jur., New Trial, p. 45, sec. 21. No one would be prejudiced by the direction that upon a new trial only the issues which bear upon the conduct of the two drivers be determined. It must still be determined whether Welch is entitled to contribution from Voshell and to recover the damages which he sustained. Precedent for such action is found in *Schwellenbach v. Wagner,* 258 Wis. 526, 46 N. W. (2d) 852.

*By the Court.*—The judgments for the plaintiffs, Melvin E. Olson, as administrator of the estate of Russell Olson,

deceased, and Eugene Schaller, against the defendants Milwaukee Automobile Insurance Company, a Wisconsin corporation, and Blaine Welch are affirmed. The cause is remanded for a new trial only upon the issues raised by the cross complaints of the defendants.

The following opinion was filed April 6, 1954:

PER CURIAM (*on motion for rehearing*). Counsel for defendant, Welch, and his insurance carrier, have moved for a rehearing. Their contentions were fully considered and passed upon in our original determination. The motion must be denied with $25 costs.

Counsel for defendant, Voshell, have also moved for rehearing and submit an issue which was not called to our attention originally. They contend that the mandate should be modified so as to direct a retrial of but one issue—that of the alleged negligence of Voshell; that it has been *finally* determined that Welch was guilty of causal negligence and that, therefore, they should not be required to re-establish it upon a second trial.

They are correct. Judgment was entered on May 22, 1953, dismissing Welch's cross complaint against Voshell. There has been no appeal from that judgment. It is a final determination of the issue made by Welch's demand for property damage. It appears clearly from our original opinion that the finding of causal negligence on the part of Welch is supported by ample evidence and that, therefore, it should not be necessary to retry that issue.

Counsel for Welch seek to avoid the effect of their failure to appeal from the judgment herein referred to upon the ground that they were not served with notice of its entry. The right to appeal and to do it timely is not affected by the fact that notice of entry of a judgment or order is, or is not, served. Sec. 274.01 (1), Stats.

The mandate is modified so as to read: The judgments for the plaintiffs, Melvin E. Olson, as administrator of the estate of Russell Olson, deceased, and Eugene Schaller, against the defendants Milwaukee Automobile Insurance Company, a Wisconsin corporation, and Blaine Welch are affirmed. The cause is remanded for a new trial only upon the issues as to the causal negligence of defendant Voshell.