ZOELLNER, Respondent, vs. KAISER and another, Appellants.

*February 6—March 11, 1941.*

300

For the appellants there was a brief by *John L. Schlatterer* of Milwaukee and *Bird, Smith, Okoneski & Puchner* of Wausau, and oral argument by *Charles F. Smith*.

For the respondent there was a brief by *Genrich & Genrich,* attorneys, and *Herbert L. Terwilliger* and *James A. Fitzpatrick* of counsel, all of Wausau, and oral argument by *Fred W. Genrich*.

FOWLER, J. This is a host-guest automobile collision case. The guest sues the host and his insurer for injuries received when the automobile in which they were riding ran into another automobile so standing on the road as to partially invade the lane of travel of the defendant's automobile. The jury found that the host, who was driving the automobile, was causally negligent "in respect to lookout and control;" that the guest was causally negligent "for his own safety . . . in respect to lookout and control;" apportioned the negligence of the guest as compared to that of the host at five per cent; and assessed the damages for the personal injuries of the

guest at $4,000. The appellants assign as error, (1) refusal of the court to direct a verdict for the defendants because the host was not negligent; (2) refusal to submit to the jury the question of assumption of risk by the guest; (3) refusal to grant judgment for the defendant because the negligence of the plaintiff was equal to that of defendant; (4) refusal to grant a new trial because the assessment of damages was so excessive as to render the verdict perverse.

The evidentiary facts are without dispute. The parties and Harold Oettinger were occupying the driver's seat, the host at the left driving, Oettinger at the right and the plaintiff between these two. They were traveling on a road paved with concrete to a width of eighteen feet with shoulders on each side. The road was dry, straight, and level at the place of the accident. They were traveling in the nighttime, forty-five to fifty miles per hour, and had been traveling at that rate during their entire trip. The night was dark, but there was no fog or mist. The headlights of the automobile were good and enabled the driver to see ahead two hundred feet or more. The parked car had no taillight or other lights burning, nor was there any reflector thereon as required by sec. 85.06 (2), Stats. The color of the automobile was grey or tan, and afforded no contrast to the color of the pavement. The driver and Oettinger first noticed the parked car at the same time when the automobile came within ten to fifteen feet from it. The defendant immediately turned left and applied his brakes but was unable to avoid the parked car and struck it with the right front of his automobile which tipped over. The plaintiff testified that he had no recollection of what occurred just preceding the collision. The windshield of the defendant's car was in two parts with a metal standard dividing the two and carried a rear-view mirror above this standard. These rendered the plaintiff's view ahead somewhat obstructed. There was no traffic at the time.

(1) The appellants' main contention is that the finding of the jury that the defendant was negligent as to "lookout

and control" is not supported by the evidence. The argument is that these two matters are necessarily involved in and covered by the speed of the cars; that there was no finding of negligence as to speed and without negligence in this respect there was none in the other respects. This is correct as to control. *Young v. Nunn, Bush & Weldon Shoe Co.* 212 Wis. 403, 249 N. W. 278. The evidence shows that defendant did all that could be done in respect to controlling his car on discovering the car ahead. But it is not necessarily so as to lookout. Manifestly one may be negligent as to lookout when driving fifty miles per hour as well as when driving at any other rate. We consider that the jury might from all the evidence infer that had the defendant been maintaining a proper lookout he would have seen the parked car when back of it far enough so that he would have avoided the collision by turning left.

The defendant to avoid this inference invokes the rule as to "camouflage" discussed in *Colby Cheese Box Co. v. Dallendorfer,* 213 Wis. 331, 251 N. W. 447; *Brothers v. Berg,* 214 Wis. 661, 254 N. W. 384; *Mann v. Reliable Transit Co.* 217 Wis. 465, 259 N. W. 415; and *Butts v. Ward,* 227 Wis. 387, 279 N. W. 6. In these cases it is held that the color of an object may so blend with the color of the road that a driver exercising ordinary care as to lookout may not discover it until too close to it to avoid collision with it. But in every such case it is for the jury to determine whether the object did so blend, or sufficiently blend to prevent a proper lookout from timely disclosing its presence. The question of ultimate fact in such case is, Did the driver fail to use ordinary care as to lookout? The jury might properly have found that the defendant was maintaining a proper lookout upon the evidence before them, had they so inferred, but the inference, whether or not, was for them to draw.

(2) The appellants concede that "momentary negligence [of a host] as to lookout and control is not usually a basis for assumption of risk by a guest." There is nothing to take

the instant case out of the "usual" in this respect. The jury found that the defendant was negligent as to lookout "at the time of the injury." The negligence thus found was necessarily momentary.

The appellants assign as error "refusal" of the court to submit a question whether the defendant was negligent as to speed. We do not find that the appellants requested submission of this question. In this situation the appellants cannot complain of nonsubmission. The fact is taken as found by the court in support of the judgment. Sec. 270.28, Stats.

The appellants contend that the plaintiff acquiesced in the speed, and therefore assumed the risk of injury sustained solely as a result of such speed. But the injuries found were not sustained solely as such result. They were found by the jury to be a result of negligence as to lookout, as to which there was no opportunity for the guest to acquiesce.

(3) Another point is urged that as the jury found plaintiff negligent as to lookout his negligence was necessarily as great as the negligence of defendant in which case the comparative-negligence statute, sec. 331.045, Stats., affords no relief. This is manifestly not correct, as appears from what is said below under (5).

(4) If plaintiff's own statements of his present physical condition were to be taken as entirely true, and those conditions were proved to be attributable to the injuries sustained by him in the collision, the assessment of damages would probably have to be sustained as within the province of the jury to award. Passing the point whether the plaintiff exaggerated his condition, the experts widely differ as to whether all those conditions, if they exist, resulted from the injury. One lays everything of which plaintiff complains to the collision. The others attribute none of those conditions to injuries sustained in the collision, except scars from face injuries and loss of rotary motion of the eyes caused by the scars. The

award was $4,000. It is manifest that the assessment was largely based on the claimed condition of plaintiff's back, and defective vision. We discover no evidence to warrant attributing either of these conditions to the physical injuries sustained by plaintiff in the collision except a limitation of the field of vision above referred to. In this situation there must be a new trial for assessment of damages only.

(5) The plaintiff by motion to review attacks the finding of the jury that the plaintiff was negligent as to "lookout and control." Manifestly the plaintiff was not negligent as to control because he had no opportunity to control the movement of the car. And we perceive no ground in the evidence for finding him negligent as to lookout. The findings of the jury in this respect, and that he was five per cent negligent, must therefore be stricken, and judgment must be awarded to the plaintiff for the full amount of the damages assessed by the jury upon a new trial.

*By the Court.*—The judgment of the circuit court is reversed, and the cause remanded with direction for further proceedings in accordance with this opinion. No costs to either party, except appellant to pay the clerk's fees.