**STANEK v. COLE et al.**

No. 9874.

United States Court of Appeals
Seventh Circuit.

Dec. 1, 1949.

Before KERNER, FINNEGAN and SWAIM, Circuit Judges.

SWAIM, Circuit Judge.

This appeal is from a judgment for damages for personal injuries sustained by the plaintiff, Elmer Stanek, in a collision between an automobile in which he was riding, as a passenger, and an automobile owned and driven by the defendant, Harvey L. Cole.

The issues on this appeal as stated by the defendants are:

"1. Did the trial court err in failing to grant defendants' motion to change the answers of the jury, that defendant Cole was negligent as to lookout and that that was a cause of the accident, and in failing to dismiss the complaint?

"2. Did the court err in failing to order a new trial?"

The answers to both of these questions are dependent upon whether the evidence was sufficient to support the finding by the jury that Cole was guilty of causal negligence as to lookout.

The jury in a special verdict found that at or just prior to the collision Cole was

not negligent in respect to speed, as to control and management or in failing to dim the headlights on his automobile, but that the defendant was negligent in respect to lookout, and that such negligence was a cause of the collision and of the resulting damages to plaintiff which the jury assessed at $12,000.00.

After the verdict the defendants moved:

(1) To change the answers to the questions on defendants' negligence as to lookout and as to such negligence being a cause of the collision from "Yes" to "No", and to then order judgment dismissing the complaint.

(2) In the event that the court refused to so change said answers that the court enter judgment notwithstanding the verdict for the reason that the finding of the jury on this question was not supported by the evidence.

(3) In the event of such motions being denied, for a new trial.

The Court denied all of defendants' motions after verdict and ordered judgment entered on the verdict.

Since this appeal is based entirely on appellants' contention that there was no basis in the evidence for the jury's finding that the defendant Cole was guilty of causal negligence as to lookout, it becomes necessary to briefly consider the evidence.

The collision between the two automobiles occurred about 2:00 A.M. on July 5, 1947, on U. S. Highway 12 and 13 on Springfield Hill in Dane County, Wisconsin. The road extends roughly in a northerly direction towards Sauk City and in a southerly direction towards Madison.

On Springfield Hill the roadway is paved with concrete 20 feet wide and has a gravel shoulder along the west side of the concrete, varying from 10 to 13 feet in width. In the vicinity of the collision the hill slopes upward towards the south with a rise of about six feet in each 100 feet and the east edge of the concrete is from 1 to 2 feet higher than the west edge.

The collision occurred on an S curve on the hill. The defendant Cole was driving south towards Madison and going uphill while the automobile in which plaintiff was riding was being driven downhill toward Sauk City by Edward Machalek. At the time of the accident it was raining, visibility was poor and the pavement was slippery.

The defendant testified that when he first saw the other automobile it was about 250 feet distant, "crosswise in the road, with their lights shining into the bank"; that he could not then tell whether it was moving or not; that he was then driving his automobile about forty or forty-five miles per hour; that he thought the other automobile was stalled, or there had been an accident; that he immediately applied his brakes, noticed a slight skid, then released his brakes and started off the pavement to get off the road; that he pulled off the road and stopped and then, "within a split second after" he had stopped, the other automobile hit him. This testimony of the defendant was in conflict with the statement he gave to the police at the time of the accident both as to his speed and as to his pulling off the road and stopping. One of the passengers who was in the defendant's automobile at the time of the accident also denied that the defendant's automobile was stopped prior to the collision. Photographs showing the damage to the two automobiles would seem to indicate that Cole's automobile could not have been standing still at the time.

Machalek, the driver of the automobile in which plaintiff was riding, at one point in his testimony estimated that he was about 300 feet from the defendant's automobile when he was blinded by its headlights. At another point in his testimony he identified his position on a photograph of the scene, Exhibit 12, as being more than 450 feet from the point of collision and, therefore, much farther than 450 feet from Cole's automobile when he was first blinded by its lights.

The evidence discloses no reason why Cole could not have seen the lights of the Machalek automobile, if he had been looking, as soon as Machalek saw the lights of the Cole automobile. Exhibit 3, a photograph taken just after the accident, showed clearly that the bank and trees on the inside of the curve did not conceal the head-

lights of automobiles coming down the hill on the other side of the curve. The jury may, therefore, have believed that when Cole was much farther than 250 feet away from the other automobile he could have seen its lights approaching if he had been maintaining a reasonable lookout.

There was also evidence from which the jury might properly have inferred that had Cole been using ordinary care as to lookout he would have seen the other automobile as it started to skid and as it came across the center line of the road and started skidding down the hill on Cole's half of the road; and that if Cole had seen it at that time he could have avoided the collision.

From Cole's own testimony that the Machalek automobile, when he first saw it, was crosswise of the road and that he could not then tell whether it was moving and that thereafter, in approximately the same crosswise position it moved almost straight down the pavement, one hundred feet, to the point of contact with the defendant's automobile, the jury might properly have inferred that there was an appreciable length of time before Cole saw the Machalek automobile in which it would have been apparent that it was out of control and either was on, or about to come on, Cole's half of the road.

After considering the admitted physical facts, Cole driving a heavy automobile up a steep grade on a curve and on the west side of a twenty foot concrete roadway which sloped towards his side, in rain which made it hard to see and the concrete slippery, and then Cole's conflicting stories as to when he saw the other automobile, what it was doing when he first saw it, and what he did after he saw it, the jury may well have inferred that, regardless of the hazardous driving conditions, Cole's mind was on something other than using due care in maintaining a proper lookout for possible dangers ahead.

As this court said in Storck v. Northwestern National Casualty Company, 115 F.2d 889, 892, "* * * There is perhaps no heavier responsibility placed upon the driver of an automobile than that he keep a vigilant look-out for any and all objects on the highway, stationary or otherwise, with which he might collide. This is important, not only for his own protection and that of his passengers, but for other persons using the highway." This statement as to lookout was approved by the Wisconsin Supreme Court in Brown v. Travelers Indemnity Co., 251 Wis. 188, 28 N.W.2d 306.

The more hazardous the driving conditions the more care may be required of the driver in order that he may meet his obligation to use ordinary care in maintaining a lookout.

The defendants cited two decisions of the Supreme Court of Wisconsin, Watkins v. Watkins, 210 Wis. 606, 245 N.W. 695 and Oelke v. Schneider, 250 Wis. 86, 26 N.W.2d 170, to support their contention that "It is not negligence, nor is it a cause of an accident, to fail to observe an oncoming car until such time as the oncoming car invades the wrong side of the road." In each of those cases, however, the automobile leaving its side of the road did so suddenly and without warning and when so near to an oncoming automobile that the latter automobile could not possibly avoid the resulting collision. The decisions in those cases do not sustain the contention of the defendants in this case.

In Zoellner v. Kaiser, 237 Wis. 299, 296 N.W. 611, 613, another decision cited by defendants, a defendant driving forty-five to fifty miles per hour at night with good headlights, on a straight and level concrete road, failed to see an automobile parked partially on the lane of travel of defendant's automobile until within ten or fifteen feet of it. The parked automobile was without any lights or a reflector and was of such a color as to afford no contrast to the pavement. The court there said, "We consider that the jury might from all of the evidence infer that had the defendant been maintaining a proper lookout he would have seen the parked car when back of it far enough so that he would have avoided the collision by turning left."

We find in the instant case evidence from which reasonable minds might draw different inferences as to whether the defendant failed to use ordinary care in main-

taining a lookout and as to whether such failure was a cause of the collision and the resulting damage.

The rule is well established that where the evidence is conflicting, or where reasonable minds might draw different inferences from the credible evidence or the admitted facts, it is for the jury to determine which witnesses to believe and which inferences to draw. Under such circumstances the court should not assume to direct a verdict or substitute another answer after the verdict is returned. Adams v. United States, 7 Cir., 116 F.2d 199, Dauplaise v. Yellow Taxicab Co., 204 Wis. 419, 235 N.W. 771, Frawley v. Kittel, 254 Wis. 432, 37 N.W.2d 57.

It follows that the overruling of defendants' motion to change the answers of the jury to the questions relating to lookout did not constitute error.

The ruling on the defendants' motion for a new trial was within the sound discretion of the trial court. Prudential Insurance Company of America v. Murphy, 7 Cir., 74 F.2d 544.

The judgment of the District Court is affirmed.