William H. PICKETT, Special Administrator of the estate of Eldon Howard Pickett, Deceased, Plaintiff-Appellant,

v.

TRAVELERS INDEMNITY CO., a corporation, Defendant-Appellee.

No. 12963.

United States Court of Appeals
Seventh Circuit.

Nov. 7, 1960.

Vaughn S. Conway and Kenneth H. Conway, Baraboo, Wis., for appellant.

Willard S. Stafford and Robert W. Smith, Madison, Wis., for Travelers Indemnity Co.; Rieser, Stafford, Lesselyoung & Rosenbaum, Madison, Wis., of counsel.

Before HASTINGS, Chief Judge, CASTLE, Circuit Judge, and MERCER, District Judge.

MERCER, District Judge.

Plaintiff appeals from a judgment entered upon the verdict of a jury finding the issues in favor of defendant, dismissing his complaint for damages for wrongful death. Errors are assigned relating to the conduct of the trial judge in the course of the trial, to certain instructions and to the court's refusal to find defendant's insured guilty of causal negligence as a matter of law.

On the afternoon of March 29, 1956, the decedent was operating a tank truck northward on highway 12 in Wisconsin. It started snowing during the afternoon, and the highway was covered with snow as he approached the scene of the collision. A short distance north of the town of Middleton, as decedent was negotiating the lower curve of an "S" curve, situated upon an upgrade, decedent stopped to put chains on his truck. About 4:30 p. m., June Heagney, defendant's insured, approached the grade from the north. It was then snowing heavily. As she ascended the hill from the north, Mrs. Heagney discovered that the highway was slippery. When she reached the top of the hill she tried her brakes and found that braking caused her to skid. She then removed her foot from the accelerator and proceeded down the grade without acceleration toward the "S" curve where decedent's truck was stopped. She did not see decedent's truck until she was a short distance north thereof. The truck was facing east, or to her left, with the body of the truck extended across the highway. Decedent was standing near the left rear wheel of the truck. When she saw the truck, Mrs. Heagney tried to turn right to go around it, but her car would not respond. She collided with the left rear of the truck and decedent was apparently crushed between the two vehicles, sustaining injuries from which he died.

The highway was covered with several inches of snow, and Mrs. Heagney could see neither the center line nor the junction of the pavement and shoulder as she approached the scene of the collision. After the collision, it was discovered that Mrs. Heagney's vehicle had been in her own lane of travel, and that decedent's truck was so parked that it blocked practically all of both lanes of travel. Visibility was poor because of the late hour and the falling snow. Mrs. Heagney's lights were turned on and her windshield wipers were operating. There were no lights on decedent's truck. No flares or fuses were used to warn motorists of its position, and no one was stationed to warn motorists of the danger.

The evidence as to the circumstances of the collision is somewhat in conflict, but we have summarized it, as we must, in the light most favorable to defendant. Henthorn v. M. G. C. Corp., 1 Wis.2d 180, 184, 83 N.W.2d 759.

Plaintiff first contends that the conduct of the trial judge during the trial was such that he was denied the fundamental right to a fair trial. To support that contention, plaintiff refers in his brief to a number of instances in which the trial judge participated in the questioning of witnesses and commented upon the evidence. We note that in most instances of which complaint is made, the brief does not sufficiently set forth the context of the matter to permit effective review. We might dispose of the issue on that basis,[1] but we have referred to the

1. U.S.Ct. of App. 7 Cir.Rule 16(b), 28 U.S.C.A.; Potomac Ins. Co. v. Stanley, 7 Cir., 1960, 281 F.2d 775.

original transcript because of the serious nature of the charges made against the trial judge.

No purpose is served in setting forth the judge's questions and comments in this opinion. After reviewing them, in context, we find that most instances of the trial judge's intrusion into the conduct of the trial were prompted by either the repetitious examination of the witnesses or the judge's failure to understand a question or the answer thereto. A Federal Trial Judge has both the power and duty to guide the conduct of a trial in an orderly manner to the end that justice may be done and the truth may be elicited. Knapp v. Kinsey, 6 Cir., 232 F.2d 458, 466. The judge has a wide discretion in the fulfillment of that function bounded only by the requirement that he does not become an advocate for one of the contesting parties. See, e. g., Knapp v. Kinsey, supra; Crowe v. Di Manno, 1 Cir., 225 F.2d 652.

Upon a full review of the transcript in this case, we conclude that the trial judge did not exceed his discretion in that regard. From our consideration of the whole transcript and of the judge's remarks in context, we find no indication that the jury was likely to be influenced either in favor of or against either party because of the judge's questions and comments.

On the contrary, upon that same review we do find a strong indication that the jury should have been influenced by the virtual lack of evidence that defendant's insured was negligent and the commanding weight of the testimony which suggested that the collision resulted from the decedent's act of parking his truck in such manner that both travel lanes of the highway were blocked.

 Plaintiff next contends that the court erred in instructing the jury with respect to camouflage and the emergency doctrine as applied by the Wisconsin courts. In each instance, there is no contention that the instruction given is not a correct statement of Wisconsin law. He contends, only, that neither the cam-

ouflage instruction nor the emergency doctrine instruction was proper upon the evidence adduced in the case at bar.

An operator of an automobile must exercise ordinary care and caution as to lookout, speed and management and control of his vehicle, and a failure of ordinary care in either regard is actionable negligence. E. g., Barker Barrel Co. v. Fischer, 10 Wis.2d 197, 102 N.W.2d 107; Henthorn v. M. G. C. Corp., 1 Wis.2d 180, 83 N.W.2d 759. The Wisconsin courts have recognized, however, that there are exceptional circumstances which may lessen or abrogate the strict rule and the strict duty of care. Camouflage and the emergency doctrine are among those recognized exceptions.

As applicable to the issues at bar, the phenomenon of camouflage may, in a proper case, lessen or excuse the strict duty as to lookout. An obstructing object upon a highway may so blend with the background against which it is viewed that a driver exercising ordinary care as to lookout in the use of the highway may not detect the presence of the obstructing object until it is too late to avoid a collision with it. Zoellner v. Kaiser, 237 Wis. 299, 303, 296 N.W. 611; Butts v. Ward, 227 Wis. 387, 393, 279 N.W. 6, 116 A.L.R. 1441. Whenever evidence is introduced in a negligence case tending to prove that an object involved in a highway collision did tend to blend with its background, then the case must be submitted under proper instructions for the jury's determination whether the object did so blend with its background as "to prevent a proper lookout from timely disclosing its presence." Zoellner v. Kaiser, supra, 237 Wis. 299, 296 N.W. 613.

Thus, in Kaiser, the defendant, traveling at night over a dry, straight level highway, collided with a car parked without lights in his lane of travel. The testimony indicated that the parked car was gray and tended to blend with the color of the highway pavement, and the defendant testified that he had not seen the car until he was some fifteen feet from it. The court held that the question,

whether the phenomenon of camouflage had prevented the defendant from detecting the presence of the parked car, had properly been submitted to the jury. Zoellner v. Kaiser, supra.

In Butts v. Ward, the jury absolved Ward from negligence as to lookout. Ward had been traveling northward on a paved highway shortly after sunset. The highway was straight, and there was nothing to interfere with vision to the north for some 1900 feet south of the scene of collision. A truck, driven by defendant, Bunders, was parked, without lights or flares, in Ward's lane of travel. Ward testified that the truck was a dark color and the background of trees against which he saw it was of a similar color. He further testified that he first saw the truck when he was about 200 feet south of its position. He then applied his brakes and, when it appeared that he would collide with the truck if he remained in his own lane, Ward turned left into the south-bound lane of the highway and his vehicle collided with one driven by the plaintiff, Butts. In commenting upon the camouflage phase of the case, the court said that the jury could reasonably infer that the phenomenon of camouflage prevented Ward from detecting the truck and could have found him not guilty of negligence as to lookout for not perceiving the truck sooner than he did. Butts v. Ward, supra, 227 Wis. at pages 392–393, 279 N.W. 6, 6 A.L.R. 1441.

In our opinion, the case at bar presents a much stronger case for the application of the camouflage exception than did either Ward or Kaiser. Mrs. Heagney was driving in the late evening through a snow storm, traveling downhill and negotiating a curve in the highway. There was testimony adduced which indicates that the highway and surrounding area were covered with snow. Several witnesses so testified. Mr. Decker, who was traveling the highway behind Mrs. Heagney's car, and who viewed the scene of the accident from the same approach as she had done, testified that the decedent's truck was covered with snow, Mrs. Heag-

ney testified that she had not seen the truck until she was very close to it. A passenger in the Heagney car testified that she had first perceived the existence of the truck when they were just a matter of feet away from a collision. That testimony was, in part, disputed by other testimony, giving rise to a situation which required that the question as to Mrs. Heagney's negligence as to lookout be submitted to the jury. The camouflage instruction was a proper, if not a necessary part, of that submission.

The emergency doctrine as an exception to the strict rules of negligence may, in a proper case, lessen the strict requirement of care and caution in control and management of an automobile. Thus, a motorist who is, without negligence on his part, suddenly placed in an emergency situation which requires him to act instantly to avoid a collision, is not negligent and not causally liable for the consequences of his act if the actions taken by him under the circumstances are in conformity with standards of ordinary prudence, even though it might appear in retrospect that he did not make the wisest possible choice. Thorp v. Landsaw, 254 Wis. 1, 35 N.W.2d 307; Havens v. Havens, 266 Wis. 282, 63 N.W.2d 86, 47 A.L.R.2d 1.

The court said in the Thorpe case that there are three questions presented whenever the emergency doctrine is invoked, namely: 1. Was there an emergency with which the driver was suddenly confronted?; 2. Did any negligence on the part of such driver contribute in whole or in part to create the emergency?; and, 3. Might a person of ordinary prudence, faced with the same emergency situation, make the same choice as did the driver in question? The court then concluded that each of those questions is a question of fact for the jury "where the evidence in the case is such that the minds of reasonable persons might differ as to the inferences to be drawn therefrom." Thorp v. Landsaw, 254 Wis. 1, 7, 35 N.W.2d 307, 310.

As Butts v. Ward teaches, the camouflage phenomenon may also lead to the

creation of a situation which permits the invocation of the emergency doctrine. The evidence in that case indicated that Ward, after he had perceived the fact that a truck was blocking his lane of travel, might have passed the truck on the shoulder of the highway and thus have avoided the collision with the plaintiff's car. The court held, however, that, if the jury believed that the phenomenon of camouflage prevented Ward from detecting the danger until he was within 200 feet from the truck, an emergency situation was created, without his fault, which required him to act immediately under the stress of that emergency. Ward was, the court said, excused from the duty of taking the course of action which in retrospect, it appeared that he should have taken to avoid the collision.

In the case at bar the jury could have found upon all of the evidence that Mrs. Heagney was not negligent in failing to perceive the presence of the decedent's truck until her car was a few feet removed from a collision therewith. In view of that circumstance her actions upon perception of the danger must be judged by the fact that she was acting under the stress of an emergency situation. There was sufficient evidence to warrant the invocation of the emergency doctrine, and question of her negligence was properly submitted to the jury under an emergency instruction.

The cases upon which plaintiff's principal reliance is placed are inapposite. In each the court found that excessive speed or some other negligent act on the defendant's part contributed to create the emergency. Jewell v. Schmidt, 1 Wis.2d 241, 83 N.W.2d 487; Hutzler v. McDonnell, 239 Wis. 568, 2 N.W.2d 207; Maurer v. Fesing, 233 Wis. 565, 290 N.W. 191.

Finally, we conclude that there is no merit to plaintiff's contention that Mrs. Heagney was negligent as a matter of law. The evidence here adduced presents no situation even closely analogous to that revealed in the cases upon which plaintiff principally relies. Barker Barrel Co. v. Fischer, 10 Wis.2d 197, 102

N.W.2d 107; Hoffman v. Krause, 247 Wis. 565, 20 N.W.2d 546; Schoenberg v. Berger, 257 Wis. 100, 42 N.W.2d 466. The question of her negligence was properly submitted to the jury.

The judgment is affirmed.